Argued November 15; affirmed November 22, 1938

# SCHOOL DISTRICT No. 1, MULTNOMAH COUNTY *v.* SHULL ET AL.

(84 P. (2d) 479)

*Ralph H. King*, of Portland, for appellant.

*Frank Sever*, Deputy District Attorney, of Portland, and *James R. Bain*, District Attorney, of Portland, for respondents.

KELLY, J. This is a mandamus proceeding to compel the Board of County Commissioners of Multnomah county to forthwith levy a tax for school purposes upon all the taxable property in Multnomah county for the year 1939, which aggregates the sum of $861,718. An answer to the alternative writ was filed and a demurrer thereto was overruled. In open court, plaintiff announced its refusal to plead further. From the ensuing judgment in favor of defendants, plaintiff appeals.

The controversy involves a construction of Section 35-927, Oregon Code 1930, which section is as follows:

"For the purpose of creating a county school fund the county courts of the several counties of this state are hereby required to levy, at the same time other taxes are levied, a tax for school purposes upon all the taxable property of the county which aggregates an amount which shall produce at least ten dollars ($10) per capita for each and all of the children within the county between the ages of four and twenty years, as shown by preceding school census, which said taxes shall be collected at the same time, in the same manner, and by the same officers as other taxes are collected; provided, that the per capita amount so levied in any county shall not be less than the per capita amount of the school tax levied in the county for the year 1919."

Plaintiff contends that the above section requires the levy of such an amount for the school fund that the returns therefrom during the year for which the levy is made, without drawing upon funds derived through delinquent tax collections of former levies, shall at least equal $10 per capita of the children of school age in the county as shown by the preceding census.

Defendants argue that the statute merely contemplates a levy in a sum equivalent to $10 per capita. They call attention to chapter 128 of the General Laws of Oregon, 1909, page 191, and to chapter 156 of the

General Laws of Oregon, 1919, p. 212. In the earlier of these two enactments, that is the one passed in 1909, the phrase "which shall produce" was first used in the section under consideration. Both in the 1909 and 1919 acts, in addition to the section now being considered, there was a further provision in a separate section, the purpose of which was to assure a given amount ($300 in the earlier and $620 in the later act) for maintenance, in which separate section the phrase "for the ensuing year" is used.

Attention is thus called to this 1909 and 1919 legislation to refute the plaintiff's contention that by the section above quoted, the legislature intended to require a levy which will produce for the ensuing year $10 per capita. In the quoted section the phrase "for the ensuing year" does not appear, while in the separate section of the 1909 and 1919 acts that phrase is employed. Said separate section requires, that in the event any district does not receive from other sources the amount stated, a levy that will produce sufficient to give the school district the difference between such stated amount and the amount otherwise received.

Defendants take the position that the use of the term "for the ensuing year", in one section of the 1909 and 1919 acts and its omission from the other section thereof, disclose a deliberate legislative intention not to require by the terms of the section omitting the phrase a levy sufficient to produce the amount stated per capita *for the ensuing year.*

Plaintiff cites *Morris, Mather & Co. v. Port of Astoria,* 141 Or. 251 (15 P. (2d) 385). In that case, plaintiff was the owner of overdue interest coupons in the amount of $12, 535, issued by the Port of Astoria. The purpose of the proceeding was to compel the Port

of Astoria to pay these coupons in full. In December, 1930, the port commissioners levied a tax for the purpose of paying interest in the sum of $192,075, and principal in the sum of $100,000 maturing in 1931. The amounts comprising this levy were $223,075, to provide sufficient interest money, and $118,500, to take care of the principal. At tax paying time delinquencies were so great up to January 1, 1932, that only $118,586.23 was received upon the interest item and only $62,994.35 upon the item allocated to pay the amount maturing of the principal. The interest was payable semi-annually and on July 1, 1931, the Port paid the semi-annual installment of interest then maturing in the sum of $96,037.50, leaving but $22,548.73 with which to meet the interest maturing upon January 1, 1932. The Port offered to pay on account to the holders of matured interest coupons such a reduced amount as the $22,548.73 bore to $96,537.50. Plaintiff rejected this offer and instituted mandamus proceedings as stated. The court held that inasmuch as it had not been shown that the Port of Astoria had resources sufficient to satisfy all claims, plaintiff was not entitled to a preemptory writ requiring the Port to pay plaintiff in full.

The question involved in the case at bar was not considered in the Astoria Port case. If in that case, plaintiff had sought by mandamus to compel a larger levy than the one proposed by the Port commissioners, and the commissioners had answered claiming that the levy together with the anticipated collections from delinquencies of former years would meet obligations in suit, the case would have resembled the instant case.

Section 35-927, supra, was first enacted in 1899 as section 22 of a comprehensive act providing for a uniform and general system of public schools and provided

for a tax levy of five mills for school purposes. General Laws of Oregon, 1899, p. 209 at p. 223.

In 1901, the legislature enacted a law further providing for a uniform and general system of public schools in which section 22 of the 1899 act was amended to require a tax levy for the purpose named of at least five mills. General Laws of Oregon, 1901, p. 23 at p. 34.

In 1903, said section was amended to provide for a per capita tax of at least $6 for each child within the county of school age with the further provision that the levy should not be less than the per capita amount levied for the year 1903. General Laws of Oregon, 1903, pp. 214, 215.

A further amendment was enacted in 1907 requiring a tax levy of at least $7 per capita for the purpose named. General Laws of Oregon, 1907, pp. 161, 162.

In 1909, the two sections amended in 1919, as above stated, were made part of chapter 128. General Laws of Oregon, 1909, chap. 128, p. 191, et seq.

In 1911, the section under consideration was amended to require a tax levy of at least $8 per capita. General Laws of Oregon, 1911, chap. 84, p. 125.

In 1919, legislation was enacted, as above stated, requiring a tax levy of at least $10 per capita. General Laws of Oregon, 1919, chap. 156, p. 212, et seq.

In 1921, the section was amended to read as first hereinabove quoted and as it appears in Vol. 2, Oregon Code 1930, § 35-927, p. 2721.

■ We are unable to agree with plaintiff's construction of the section in question to the effect that by use of the term, "which shall produce" the legislature imposed upon the tax levying body an imperative man-

date to make a levy in a sufficient amount to insure returns for the ensuing year from that levy alone at least equal to $10 per capita for each child of school age in the county. We agree with the learned trial judge that the express provision of the section in question, to the effect that said taxes shall be collected at the same time, in the same manner and by the same officers as other taxes are collected, is inconsistent with such construction.

We are impressed with the admitted fact that for ten years from 1928 to 1937, both inclusive, the actual collections for distribution to the school districts, including collections of delinquent taxes, show an average of $9.45 per capita. For the year 1936 the distribution was $10.28 per capita and for 1937 it was $10.04.

It appears also that for the years 1928 to 1936 inclusive, the collections of delinquent taxes for the purposes named averaged $1.39 per capita per year.

Upon the basis of the school tax collections during the three years just prior to the present year, it appears that more than $10 per capita will be realized during the ensuing year from the levy proposed by defendants and collections derived from delinquent taxes of former years. Whether this actually occurs or not, the foresight, estimate and judgment thereupon of the tax levying body as shown by this record, cannot be disturbed by mandamus.

It follows that no error was committed by the trial court and its judgment is affirmed.

Lusk, J., concurs in the result.