Argued August 14, peremptory writ allowed August 14,
written opinion filed September 26, 1951

# SCHOOL DISTRICT NO. 4 OF LANE
## COUNTY ET AL. *v.* BAYLY ET AL.
### 235 P. 2d 911

*W. P. Riddlesbarger* and *John L. Luvaas,* of Eugene, argued the cause for plaintiffs. With them on the brief were Lynn Moore, of Springfield, and Richard L. Thwing, of Eugene.

*C. E. Luckey,* District Attorney for Lane County, of Eugene, argued the cause for defendants. With him on the brief was Douglas R. Spencer, Deputy District Attorney for Lane County, of Eugene.

Before Brand, Chief Justice, and Hay, Rossman, Lusk, Latourette, Warner and Tooze, Justices.

LUSK, J.

This is an original proceeding in mandamus. We took jurisdiction of the case because of its obvious public importance and the necessity of a speedy decision of the question presented. Oral argument was heard on August 14, 1951, upon the conclusion of which the court conferred upon the case and announced its

decision that the plaintiffs were entitled to the relief sought, the opinion to be prepared and rendered later.

The issue was raised by plaintiffs' demurrer to the defendants' answer to the alternative writ. There are no disputed material questions of fact and no need to review the pleadings.

The plaintiffs are six school districts in Lane county; the defendants comprise the county court of that county. The plaintiffs prayed for a writ commanding the county court to comply with the provisions of § 111-821, O.C.L.A., which reads as follows:

"For the purpose of creating a county school fund the county courts of the several counties of this state are hereby required to levy, at the same time other taxes are levied, a tax for school purposes upon all the taxable property of the county which aggregates an amount which shall produce at least ten dollars ($10) per capita for each and all of the children within the county between the ages of four and twenty years, as shown by preceding school census, which said taxes shall be collected at the same time, in the same manner, and by the same officers as other taxes are collected; provided, that the per capita amount so levied in any county shall not be less than the per capita amount of the school tax levied in the county for the year 1919."

The county court claimed substantially that it had in fact complied with the statute by approving a budget which provided for a tax levy which would produce the amount required by the foregoing statute when increased by the estimated receipts from United States forest reserve rentals allocated to the county school fund in accordance with the provisions of § 107-712, O.C.L.A., as amended by ch. 266, Oregon Laws 1941. This section is a part of the legislation having to do with the apportionment of sums received by the state

of Oregon from the United States government as its distributive share of the amounts collected by the United States government for forest reserve rentals, and reads as follows:

"All moneys so received by each county shall be divided 75 per centum to the road fund and 25 per centum to the school fund of said county, the same to be expended as other moneys in said funds are expended; provided, that the moneys so apportioned to the county road fund may be applied in payment of any outstanding road bonds, or be placed in any county road bond sinking fund for the purpose of being so applied; and provided further, that the moneys so apportioned to the school fund in any county of this state operating under and by virtue of title 111, chapter 7, O.C.L.A., shall be used for and applied to the payment of the bonded and warrant indebtedness of the school districts incurred prior to January 1, 1925, until the said bonded and warrant indebtedness has been paid in full."

■■ The question raised by these conflicting contentions is one of statutory construction, and may be thus stated: Is it the mandatory duty of the county court, as the plaintiffs contend, to levy a $10 per capita tax as prescribed in § 111-821, O.C.L.A., without regard to moneys accruing or expected to accrue to the county school fund from other sources, or is the county court authorized, as the defendants contend, to offset against the required $10 per capita anticipated receipts from forest reserve rentals allocated to the county school fund under the provisions of § 107-712, O.C.L.A., as amended?

If the defendants' view were to be adopted the result in this case would be a tax levy for the county school fund, not of $10 per capita, but of approximately

half that sum. The duty of the county court under the statute is mandatory *(School District No. 24 v. Smith,* 97 Or. 1, 191 P. 506), and should not be pared down by construction. In our opinion there is little, if any, room for construction of the statute. The fund is to be created by levying "a tax * * * upon all the taxable property of the county which aggregates an amount which shall produce at least ten dollars ($10) per capita". It is the *tax* which must aggregate the required amount, not the tax plus moneys derived from some other source. We cannot accept defendants' contention without reading into the statute, after the word "aggregates", the phrase "with other receipts", or similar language, and obviously we have no authority to do this.

Defendants rely upon *School District No. 1 v. Shull,* 160 Or. 225, 84 P. 2d 479. We held in that case that anticipated receipts from payment of delinquent taxes might be taken into consideration in making the statutory levy, saying:

"We are unable to agree with plaintiff's construction of the section in question to the effect that by use of the term, 'which shall produce' the legislature imposed upon the tax levying body an imperative mandate to make a levy in a sufficient amount to insure returns for the ensuing year *from that levy alone* at least equal to $10 per capita for each child of school age in the county. We agree with the learned trial judge that the express provision of the section in question, to the effect that said taxes shall be collected at the same time, in the same manner and by the same officers as other taxes are collected, is inconsistent with such construction." (160 Or. 229.)

The words in the foregoing quotation which we have *italicized* indicate the narrow limits of the de-

cision, namely, that as long as the requisite sum was produced by taxation the statute was satisfied, even though a part of that sum should be derived from the payment of delinquent taxes levied in a previous year or years. This was thought to be a substantial compliance with the legislative command, and the fact that the legislature, in the 13 years that have intervened, has not changed the statute as thus construed, may be taken as some evidence of legislative concurrence in our decision. But it is quite a different thing to say that the sum of $10 per capita may be pieced out by the application of funds not derived from taxation, even though the proposition is attempted to be rationalized by describing the receipts from United States forest reserve rentals as ''in the nature of payments in lieu of taxes.''

The county school fund law was originally enacted in 1899. General Laws of Oregon 1899, pp. 209, 223. Since then it has been several times amended by increasing the amount of the required levy. For a review of these amendments see *School District No. 1 v. Shull*, supra, 160 Or. 229. The legislation was in existence in 1917 when the measure prescribing the disposition of United States forest reserve rentals (now § 107-712, O.C.L.A.) was passed. See Oregon Laws, 1917, ch. 269, § 2. It is reasonable to assume that, had the legislature intended that moneys received by a county from that source should be so applied as to reduce the statutory per capita tax for the county school fund, it would have so provided. In the absence of an express direction to that effect we think it clear that these receipts are to be treated, not as a deduction from the tax, but as an addition to the fund.

■ The main reliance of the defendants appears to be upon certain provisions of the "local budget law" (§§ 110-1201 et seq.) passed in 1921 (ch. 118, Oregon Laws, 1921). Section 110-1203 requires that the county budget shall contain an estimate of the total amount of money proposed to be expended by the county for all purposes during the fiscal year next ensuing (§ 110-1203), and § 110-1206, as amended by ch. 101, Oregon Laws 1949, requires that the county court shall make and file an estimate of the probable receipts of the county from various specified sources, including "rent" and "apportionment, grant, contribution or allocation from any state, county, municipal or other like fund", and further provides that "the amount of the difference between the estimated receipts as herein provided and of the estimated expenditures for all purposes * * * shall be the estimated tax levy upon the assessable property within the municipal corporation for the next ensuing fiscal year * * *."

The defendants assert that they have complied with the foregoing provisions by making up the budget estimates for county school fund in the following manner: They listed as expenditures on account of county school districts $343,440, being $10 per capita for 34,344 children between the ages of four and 20 in Lane county as shown by the preceding school census. They included, as the only anticipated receipts, "United States Forest Reserve Rentals (25%) $182,250.00." From this sum was deducted $343,440, leaving "Amount required to balance budget $161,190.00." To that sum was added $20,150 as "Provision for discounts and delinquencies", making the tax levy $181,340.

This is to say, that the estimated tax levy was ascertained by deducting from the aggregate of the

per capita tax 25 per cent of the receipts from forest reserve rentals and adding an amount estimated to be necessary by reason of probable discounts and delinquencies.

The defendants argue that the statute apportioning the receipts from forest reserve rentals and the local budget law are not inconsistent, that they are to be construed *in pari materia*, and that the only way to give effect to both is "by setting up in the budget for the county school fund sums anticipated as receipts from that fund"—with the result above set forth. But the argument begs the entire question. It assumes (in favor of the defendants) the point to be decided, namely, whether the per capita tax is to be diminished by the means of receipts from forest reserve rentals. Substantially, the argument comes to the proposition that the local budget law operates as an implied amendment of § 111-821 by authorizing such a deduction. This is a conclusion which a court should be slow to reach, in view of the fact that the local budget law is a general statute dealing largely with the method of preparing the budgets of municipal corporations, their publication, and public hearings thereon, and bearing no internal evidence of a legislative intent to impair the rights of school districts under the specific grant contained in § 111-821.

We think, however, that the provisions of the local budget law to which we have referred may be followed faithfully without coming into conflict either with the county school fund statute or the statute regarding forest reserve rentals, as we construe them; for, as counsel for the plaintiffs point out, the moneys to be derived from forest reserve rentals are not only "anticipated receipts" but are as well "estimated expenditures" of the county, which the county school

superintendent is required to apportion to the several school districts in his county according to the method delineated in § 111-1604. Hence, in preparing the budget estimates it was the duty of the county court to put forest reserve rentals on both sides of the account—on the one side as estimated expenditures and on the other as anticipated receipts. Thus set up, the estimated expenditures are $525,690 and the tax—disregarding necessary allowances for discounts and delinquencies—is $343,440 or $10 per capita child. In this way the provisions of all the statutes involved, according to their true intent and meaning, are carried out.

■ We are told by the defendants that a present legislative objective is equality of educational opportunity, and, therefore, that the county school fund should not be one thing in counties having receipts from United States forest reserve rentals and a different thing in counties which do not, and that the fund should not fluctuate from county to county with the volume of these receipts. This is an argument of policy which cannot be allowed to prevail over the unambiguous language of specific statutes. If their provisions are out of harmony with the general policy—as to which we express no opinion—it is for the legislature, not the courts, to make such changes as may be found to be desirable.

For the foregoing reasons a judgment has been entered commanding the defendants to levy the $10 per capita tax in question without offsetting against said levy receipts or expected receipts from United. States forest reserve rentals.