CIRCUIT COURT FOR MULTNOMAH COUNTY, AUGUST 26, 1868.
AT CHAMBERS.

## CHANCY BALL *v.* J. H. LAPPIUS, CITY MARSHAL.

MANDAMUS.—Mandamus lies to compel an officer to perform an act which the law specially enjoins as a duty resulting from his office.

IDEM.—An ordinance passed in 1862, directing the city marshal of the city of Portland "to procure at the cost of the city" * * * * "a small-pox hospital, *the selection to be subject to the approval* of the committee on health and police," does not impose such an official duty on the present city marshal as will be enforced by mandamus.

IDEM.—Mandamus is proper only where a party has a *legal* right, and there is no other appropriate legal remedy.

IDEM—The right must be certain, and clearly made out by the facts of the case.

DISCRETION.—The granting or refusal of the writ is discretionary.

PETITION for writ of mandamus.

THE petition alleges that one Adam, "a small-pox patient", is, and for six days has been, lying and being in a tenement building immediately adjoining the place of business of the petitioner in the city of Portland; that the locality is thickly populated with men, women and children, and there is great danger of said disease spreading among the people. That the business of the petitioner, and business generally in the vicinity has been suspended by reason of the presence of said disease.

The petition cites a city ordinance passed in 1862, which ordains: 1st. "That the city marshal be, and he is hereby, required to procure, at the cost of the city, a suitable building at or near the outskirts of the city, for the purpose of a small-pox hospital, the selection to be *subject to the approval* of the committee on health and police."

2d. "That the said marshal be, and he is hereby, further required to have removed, without delay, to said hospital any and all small-pox patients that may hereafter occur in this city."

A third section requires the marshal to procure medical and other attendance. The petition charges that the defendant is marshal of the city, and that, being requested, he refused to remove the patient.

UPTON, J. filed the following opinion:

The writ of mandamus lies to compel an officer to perform an act which the law specially enjoins as a duty resulting from an office trust or station.

·It may require the officer to proceed to the discharge of any of his functions, although such discharge involves an exercise of discretion and judgment, and a choice between different modes of proceeding; yet "it shall not control judicial discretion." And it is safe to go further, and say it shall not control discretion, judicial or otherwise, which the law assigns to an officer. (*Judges of Oneida* v. *People,* 18 Wend. 97.) In such case the office of the writ is to compel the officer to act. The *mode* of acting is still to be determined by him in whom the law has lodged the discretionary power.

In determining on the necessity and propriety of the writ, it must be observed:

1st. Mandamus is proper only where a party has a *legal* right, and there is no other *legal* remedy. (*Ex parte Nelson,* 1 Cow. 423; 2 Hill, 45.)

2d. The right must be certain, and clearly made out by the facts of the case. (*People* v. *Supervisors Chenango,* 1 Kern. 563.)

3d. The granting or refusing of the writ is discretionary. *Van Rensselaer* v. *Sheriff of Albany,* 1 Cow. 512.)

If it were established clearly that the law enjoined upon the defendant a positive duty to remove every small-pox patient to some known hospital now in existence, the case would present no difficulty. A writ would necessarily be issued upon refusal to perform the act enjoined. And if it was certain that the law·enjoined upon him the duty, and gave him the power, to provide a hospital; upon refusal he might be compelled by mandamus.

It is not alleged in the petition that there is a hospital, and, consequently, it must be assumed that there is not. ·This leads us to consider whether the marshal has power, and whether it is by law enjoined on him as a duty, to provide a hospital.

The construction of the ordinance is open to doubt. It is not clear from its language, whether it intended more than to require of the marshal in office in 1862, to procure a building. And I think it not a fair interpretation of the language to hold that that marshal from time to time, and each successive marshal, is empowered by it to provide a new hospital, as often as the one provided shall be destroyed, or as often as from any cause the city shall lack one.

Aside from this question, the marshal's selection is made "subject to the approval of the committee on health and police." The marshal, then, is not empowered, on his own motion and according to his own judgment, to procure a hospital. His selection is subject to the approval or disapproval of another power. The city charter clothes the city council with power "to make regulations to prevent the introduction of contagious diseases into the city, and to remove persons affected with such diseases therefrom to suitable hospitals."

The ordinance shows that it was not the intention of the council to divest themselves of control of this subject; but, on the contrary, the selection is subject to the approval of one of their committees, which is, in reality, holding it still under the control of the council, the committee being a constituent part of that body. It is true the council can not delegate their power to a committee, but if the committee approve, and so report to the council, the express or tacit assent of the council to the approval being had, it will be treated as the action of the council.

If, then, the marshal should make all possible effort, he has no power even to procure a hospital independently of the council.

I think it extremely doubtful whether the petition shows either that the marshal has the power, or that it is a duty enjoined on him by law to procure a hospital.

Generally a court does not take judicial notice of facts not shown by the record. But, as this class of applications has ever been considered addressed to the discretion of the court, and as it is in the first instance *ex parte*, I think it not unreasonable to revert to facts that are within the knowl-

edge of the court, and may be ascertained by examining its records and files in other cases. It is shown by those records, that shortly after the passage of this ordinance, a former marshal procured a hospital building, in pursuance of the provisions of the ordinance, which was used for hospital purposes by the city, and which has since been destroyed; and that the council refused to approve certain of the marshal's proceedings in that matter.

It is not certain, if the marshal should attempt to select another building, that the council would approve his act; and yet the petition asks that the marshal be compelled to select a building and remove the patient to it, on his own responsibility. The petition does not propose that he should simply select a building and report the selection to the council. In fact, that course would evidently be too dilatory to meet the wants of the petitioner. A mandamus should not be granted where it would be unavailable. (*People* v. *Supervisors of Green*, 12 Barb. 217; 13 How. Pr. 305; 11 Id. 89.)

The subject of contagious diseases has by law been confided to the discretion and judgment of the city council, and a mandamus should not be granted to control that discretion. It should not be resorted to in this connection, unless it is clearly shown that there is an evident neglect of duty or violation of law.

The writ must be denied.