Argued October 6; writ of mandamus dismissed October 24, 1933

STATE ex rel. COAST HOLDING CO. *v.* EKWALL

(26 P. (2d) 52)

*L. J. Balbach,* of Portland (Sheppard & Phillips, of Portland, on the brief), for plaintiff.

*R. K. Powell,* of Portland (B. A. Green, of Portland, on the brief), for defendants.

RAND, C. J. On February 13, 1932, a duly verified petition for an alternative writ of mandamus was filed in this court by the Coast Holding Company, a Wash-

ington corporation, to compel the Hon. W. A. Ekwall, as judge of the circuit court for Multnomah county, to vacate and set aside an order made by him as judge of said court denying petitioner's motion to quash the service of summons and complaint made in that county on October 7, 1931, on one Leo F. Smith as president of said corporation, in an action then pending in said court wherein one Bessie Behnke was plaintiff and said Coast Holding Company and others were defendants.

The prayer of the petition was that this court should not only compel the court below to vacate and set aside its former order wherein it refused to quash the service but also prohibit it from proceeding with the trial of the cause as against the plaintiff herein or assuming any jurisdiction over the plaintiff herein in said action.

■ Based on said petition, an alternative writ was, on said day, issued commanding the defendant either to quash the service or show cause for not having done so. The writ, however, as so issued, was fatally defective in that it contained none of the material allegations set up in the petition.

It is a well established rule in this state that in a mandamus proceeding the petition is no part of the pleadings. Section 8-309, Oregon Code 1930. "The writ must be sufficient in itself to show what is claimed, and the facts upon which the claim is made. It stands for the complaint, and may be demurred to or answered in the same manner as to a complaint in an action. * * * We do not think it can be aided by reference to the facts in the petition." *McLeod v. Scott,* 21 Or. 94 (26 P. 1061, 29 P. 1). "The petition for a writ of mandamus is presented to the court for

the purpose of obtaining the issuance of a writ, and, as soon as a proper writ has been issued, the petition becomes *functus officio,* and the writ cannot be aided by reference to the petition." *Crawford v. School District No. 7,* 68 Or. 388 (137 P. 217, 50 L. R. A. (N. S.) 147, Ann. Cas. 1915C, 477), and authorities there cited.

The cause shown here is by demurrer to the writ and, since it is not questioned that the writ was wanting in material allegations to support the proceeding, the demurrer should be sustained unless, for reasons to be now stated, the objection has been cured.

As held in the Crawford case, the only pleadings in a mandamus proceeding are the alternative writ, the demurrer or answer to the writ, and the demurrer or reply to the answer. Under section 8-309, the pleadings in the proceeding by mandamus are "to have the same effect and to be construed, and may be amended in the same manner, as pleadings in an action".

■ After the filing of the demurrer, a written stipulation was entered into between counsel for the plaintiff and the defendants herein, and the same was filed in this court just prior to the hearing, in which it was stipulated that the demurrer to the writ should be waived and that the writ should be considered as amended so as to include all of the allegations and matters of fact set forth in the petition, together with the exhibits attached thereto, and that, in passing upon the merits of this controversy, the writ shall be considered as having been so amended and as having been duly, regularly and lawfully served upon each of the defendants herein. It was further stipulated:

"That the question as to whether jurisdiction obtained, upon the ground that relator was a foreign

corporation transacting business in this state so as to render it amenable to the jurisdictions of the courts of this state, is the sole question to be passed upon in this cause, hereby expressly waiving all matters of form as to the manner in which said question is presented.

"4. It is further stipulated and agreed that the supreme court in passing upon relator's motion to quash and the matters raised in this mandamus proceeding shall confine itself to the record in this cause and to the facts as admitted in this stipulation and as stated in the affidavits hereinabove mentioned."

Clearly, such procedure as that provided in the stipulation constitutes an innovation not contemplated by the statute and, if it should be upheld as a precedent for future cases, it would thrust upon the courts unusual and unnecessary labors and difficulties. But, notwithstanding this and while condemning such a practice, we shall nevertheless, in this case, assume the added burden and give effect to the stipulation and consider the writ as amended so as to conform to the stipulation, although no formal amendment of the writ has ever been made.

It appears from the affidavits filed in the court below for and against the motion to quash that the corporate plaintiff herein, which was one of the defendants in the action brought in the court below, was a foreign corporation and had never qualified itself or applied for a permit to transact business in this state. However, it did appear from the affidavits filed against said motion, although disputed by the plaintiff herein, that this plaintiff had been engaged in transacting business in this state in the operation of what is known as a "walkathon" at Lotus Isle in Multnomah county, Oregon, and that at the time the said

service of summons and complaint was made on Leo F. Smith, the president of the plaintiff corporation, he was in Portland transacting business for said corporation.

■ It is unnecessary to go into the details of the facts set forth in the various affidavits. A careful consideration of them leads us to the conclusion that at the time the service was made, Smith was in Portland and was actually engaged in transacting the corporate business of the plaintiff herein. But, be that as it may, the important fact in this connection is that there was evidence before the court while passing upon the motion to quash from which the judge passing upon the question could properly find, if he so believed, from the depositions then before him, that Smith, the president of the corporation, when being served was not within the state for any private purpose of his own, but for the purpose of transacting business for the corporation and, that being so, it was the duty of the court below to determine the truth of the matters then in dispute. In deciding those matters, he was acting judicially and within the scope of his authority and exercising a discretion which he, as judge of the court, and he alone, was authorized to exercise at that stage of the proceedings.

We know of no rule of law more firmly established both by statute and by the decisions of this court than the rule that, so long as an inferior court or tribunal acts within the scope of its authority touching any matter about which it must exercise its discretion, its action cannot be revised by mandamus.

Section 8-302, Oregon Code 1930, provides that a writ of mandamus "may be issued to any inferior court, corporation, board, officer, or person, to compel

the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; but though the writ may require such court, corporation, board, officer, or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law''.

In *Ball v. Lappius,* 3 Or. 55, the court said:

''The writ of mandamus lies to compel an officer to perform an act which the law specially enjoins as a duty resulting from an office, trust or station.

''It may require the officer to proceed to the discharge of any of his functions, although such discharge involves an exercise of discretion and judgment, and a choice between different modes of proceedings; yet 'it shall not control judicial discretion'. And it is safe to go further, and say it shall not control discretion, judicial or otherwise, which the law assigns to an officer. (Judges of Oneida v. People, 18 Wend. 97.) In such case the office of the writ is to compel the officer to act. The mode of acting is still to be determined by him in whom the law has lodged the discretionary power.''

In *McElvain v. Bradshaw,* 30 Or. 569 (48 P. 424), the court said:

''It is well settled that mandamus lies in a proper case to compel a trial judge to settle and sign a bill of exceptions, but not to direct him what to put in such bill where there is any controversy as to what it should contain: [citing authorities].''

In *State ex rel. v. Malheur County Court,* 46 Or. 519 (81 P. 368), the court said:

''To authorize an issuance of a writ of mandamus, it is necessary that the petitioner first show a legal

right in himself to have the act done which is sought by the writ; and, second, that it is the plain legal duty of the defendant to perform the act, without discretion to do or refuse it: Spelling, Extra. Rem., § 1369; 19 Am. & Eng. Enc. Law (2d Ed.), 725 et seq.''

In *State ex rel. v. Siemens,* 68 Or. 1 (133 P. 1173), the court said:

'' * * * Mandamus will lie to compel the execution, by a public officer, of a duty prescribed by law, but not to control the exercise of that duty, when the act to be done involves the exercise of judgment or discretion.''

In *In re Clark,* 79 Or. 325 (154 P. 748, 155 P. 187), the court quoted with approval from *State ex rel. v. Lafayette County Court,* 41 Mo. 222, as follows:

''The writ of mandamus lies either to compel the performance of ministerial acts, or is addressed to subordinate judicial tribunals, requiring them to proceed to exercise their judicial functions, and give judgments in cases before them. Mandamus will not lie to compel an inferior tribunal to give a particular judgment, or to reverse its decision where it has once acted; its peculiar scope and province being to prevent a failure of justice from delay or refusal to act. Where the subordinate tribunal acts judicially, it may be compelled to proceed, but it will be left to decide and act according to its best judgment. In such cases the party aggrieved by the decision has his remedy either by appeal or writ of error, and mandamus never issues except where the petitioner has a specific right and no other specific remedy.''

Notwithstanding the well established rule that acts done in the exercise of judicial discretion by an inferior court or tribunal acting within the scope of its authority cannot be revised or reviewed by mandamus, plaintiff contends that this court can compel by man-

damus a judge of the circuit court for Multnomah county to reverse his former decision and enter a different judgment, although at the time he rendered the former decision, he was acting judicially and within the scope of his authority. Plaintiff bases its contention upon three decisions of this court, namely: *State ex rel. v. Tazwell,* 123 Or. 326 (262 P. 220); *State ex rel. v. Tazwell,* 125 Or. 528 (266 P. 238, 59 A. L. R. 1436); and *State ex rel v. Kanzler,* 129 Or. 85 (276 P. 273).

In the first case cited, the action was by mandamus to require the defendant, a judge of the circuit court for Multnomah county, to proceed with the trial of a personal injury action then pending in that court, and it was held that the trial court was mistaken in his view of the law that the circuit court had no jurisdiction over the cause of action. Since the court did have jurisdiction in that case, it was plainly the duty of the circuit court to proceed with the trial of the cause and mandamus was the proper remedy to compel the judge to proceed with the trial of the cause. In that case the legal duty of the judge to proceed with the trial of the cause was clear and, when he refused to perform that duty, mandamus was the proper remedy to compel his performance of that duty.

In the second case cited, the same circuit judge had refused to entertain jurisdiction of an action pending in that court upon the same mistaken view of the law that the action was not triable in that court, and it was held by this court that the action was triable there and the same order was made and upon the same grounds as in the first case cited.

In the last case cited, the facts were entirely different from those in the two cases first cited. In that

case, service had been made in this state upon an officer of a foreign corporation and a motion to quash the service had been denied upon the ground that such corporation was transacting business within the state. The facts in that case were presented to the court by affidavit as in this case, and it was held that the relator in the writ was entitled in the mandamus proceedings to have the service quashed for the reason that the whole evidence showed that the defendant corporation had never transacted any business within the state and that the officer served was not engaged in transacting any business for it at the time the service was made on him. It is unnecessary to further discuss the facts in that case other than to say that the ground of decision was based upon the finding contained in the following paragraph on page 88 of the court's opinion:

"Appellant represents that, on the face of the record in said cause, absolutely no jurisdiction has attached. The statements of fact contained in the affidavits of F. D. Peabody and H. R. Roberts in support of applicant's motion to quash were not contradicted by any showing of fact on behalf of plaintiff in said cause, and no issue of fact resulted upon the determination of which jurisdiction over applicant in said cause might depend. The affidavit filed by plaintiff in opposition to applicant's motion to quash was an affidavit of plaintiff himself (exhibit 'E' attached hereto), and the statements therein are in the form of averments upon information and belief and are allegations of what plaintiff charges the fact to be. No other affidavit was filed by or on behalf of plaintiff in opposition to applicant's motion to quash, and the facts stated in the affidavits of said F. D. Peabody and H. R. Roberts are uncontradicted in the record in said action."

It is clear from the affidavits filed in the court below in support of and against the motion to quash

the service that there was a dispute touching the question of whether this plaintiff, a Washington corporation, by reason of being engaged in business within this state, as contended by one side and disputed by the other, could be sued in the Oregon courts. There was also a dispute upon the question of whether service upon Smith, its president, by reason of his being in Oregon and transacting business for the corporation at the time the service was made, was valid. The determination of these questions required the exercise of judgment upon the part of the trial court in deciding whether the motion to quash should be overruled or sustained, and, in making such determination, the court was acting judicially and not performing a mere ministerial function. The distinction between ministerial and judicial functions is not always easy of definition, although this case presents no such difficulty. One of the tests for determining the distinction between a ministerial and a judicial function is that stated in *People v. Commissioners,* 149 N. Y. 26 (43 N. E. 418), as follows:

"When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character and performance may be compelled by mandamus, if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial and mandamus will not lie to compel performance."

It is clear from the decisions referred to, that this court has no power in a mandamus proceeding to revise

the decision of the circuit court in denying the motion and that, if there was error in that decision, plaintiff, having appeared specially for the purposes of the motion only, if it has confidence in its position, may refrain from making a general appearance and test the question by an appeal from any judgment which may hereafter be rendered in the case.

From this it follows that the writ must be dismissed, and it is so ordered.

CAMPBELL and BAILEY, JJ., concur.

BEAN, J., absent.