Submitted on briefs November 27, reversed December 31, 1957

# RUONALA ET AL v. BOARD OF COUNTY COMMISSIONERS OF MULTNOMAH COUNTY

### 319 P. 2d 898

William M. Langley, District Attorney for Multnomah County, Willis A. West, Chief Deputy of Civil Department, and C. W. Pecore, Deputy District Attorney, Portland, for appellants.

Bernard, Bernard & Edwards, Portland, for respondents.

ROSSMAN, J.

This appeal challenges a judgment which the circuit court for Multnomah county entered in favor of the plaintiffs in a mandamus proceeding. The plaintiffs, ten in number, are deputy constables who are employees of Multnomah county and whose principal duty consists of the service of process issued by the district court for Multnomah county. The defendants are the Board of County Commissioners for Multnomah County, the Multnomah County Civil Service Commission and the members of those two boards. The office of the sheriff of Multnomah county employs six

deputy sheriffs whose principal duty is the service of process issued by the circuit court for Multnomah county. The aforementioned ten deputy constables and six deputy sheriffs are subject to chapter 241, ORS, which subjects county employees to civil service regulation. The challenged judgment directed that a peremptory writ of mandamus issue, requiring the defendants

> "to adopt immediately in the classified civil service list of Multnomah County, Oregon, a job classification for all positions in which the work performed is the serving of civil process and the work incidental thereto, whether these positions are in the office of the sheriff of Multnomah County or the constable of Multnomah County, and requiring the defendants to adopt one rate of pay for all persons filling any of such positions, whether in the office of the sheriff or the office of the constable."

The defendants, as appellants, contend that the duties and responsibilities of deputy constables who serve process do not equal those of deputy sheriffs who serve similar papers.

■■ The record contains no bill of exceptions and no transcript of the evidence. No objections were filed to the findings of fact proposed by the plaintiffs, and, so far as the record indicates, the defendants submitted for approval no findings drafted by themselves. Based upon those circumstances, the plaintiffs argue that we must accept as incontrovertible the status and duties of the deputy sheriffs and deputy constables as portrayed in the above-quoted findings of fact. All of the individuals with whom this proceeding is concerned are public officers and, generally, the duties of public officers are established by statute. Findings of fact are unnecessary as to the contents of statutes and the state of the law upon a given subject. *City of Alameda*

*v. City of Oakland,* 198 Cal 566, 246 P 69. The law, whether statutory or otherwise, so far as pertinent to any set of findings of fact is deemed a part thereof. Since the duties of public officers are frequently ordained by law, a consideration of the law which prescribes the duties of public officers, such as those who are involved in this proceeding, may disclose whether or not a civil service commission properly classified them.

The findings of fact state that since July of 1955 the positions held by the deputy sheriffs above mentioned "have been identified in the classified civil service list as 'civil deputy sheriff' and those held by the plaintiffs as 'deputy constable.' " Continuing, the findings set forth:

"For many years prior to on or about August, 1955, the aforesaid positions which are now classified as 'civil deputy sheriff' and 'deputy constable' were identified in the classified civil service list as 'process server,' and the rate of pay was identical for the process servers whether employed in the office of the constable of Multnomah County, Oregon, or in the office of the sheriff of Multnomah County, Oregon.

"Prior to the month of August, 1955, the defendants employed a concern known as Barrington Associates to make a report and recommendation with reference to the classification of civil service positions in Multnomah County, Oregon, and in or about the month of July, 1955, said Barrington Associates made a report wherein it was recommended that the aforesaid positions in the office of the constable and the office of the sheriff be classified as they theretofore had been as process server. Thereafter the said report was changed, and the name of the positions of process server in the office of the constable of Multnomah County was changed to deputy constable, and the name of the positions of process

server in the office of the sheriff of Multnomah County was changed to civil deputy sheriff.

"During all the times mentioned in the petition of the plaintiffs and in the alternative writ of mandamus and in these findings the work pertaining to the positions in the constable's office has been and is of like character to that pertaining to the aforesaid positions in the sheriff's office, and the work done by the plaintiffs in this case is identical to the work performed by the persons in the sheriff's office who are classified as civil deputy sheriffs, and in truth and in fact all of the plaintiffs and all of the persons classified as civil deputy sheriffs perform identical work, that is, service of civil process.

"In violation of Chapter 241, ORS, relating to civil service for county employees the defendants since on or about July, 1955, have neglected and refused to classify the aforesaid positions in the sheriff's office and the aforesaid positions in the constable's office to the end that the compensation shall be paid for like duties, but on the contrary, a rate of compensation has been fixed for the positions of civil deputy sheriff which is substantially more than the compensation fixed for the positions of deputy constable, and as a result thereof each of the plaintiffs is and for many months has been receiving substantially less compensation than those standing in the same position and performing similar work in the sheriff's office.

"No reason exists for the discrimination against the plaintiffs, and the action of the defendants as herein set forth has been and is arbitrary, capricious and discriminatory, and the plaintiffs have no plain, adequate, and speedy remedy at law."

The defendants-appellants contend:

"The duties and responsibilities of deputy constables and of deputy sheriffs are fixed by law and are not 'like' or equal."

We shall now consider that contention.

ORS 241.210 says:

"All positions subject to civil service in the county shall be created by the board of county commissioners and the board is authorized to fix the compensation of all employes employed therein. In the creation of each position subject to civil service, and in determining the amount of compensation thereof, the board shall give due consideration to the recommendation of the civil service commission * * *."

ORS 241.215 declares:

"The commission shall classify, with reference to the examinations provided for in this chapter, all positions in the public service of the county to which this chapter applies. The classifications shall be based upon the respective functions of the positions and the compensation attached thereto, and shall be arranged so as to permit the grading of positions of like character in groups and subdivisions, to the end that like compensation shall be paid for like duties."

■ The issues which we are called upon to resolve are whether or not the defendant civil service commission could properly (1) deem the duties performed by the plaintiffs as dissimilar to those performed by deputy sheriffs, and (2) classify differently the positions of deputy constable and deputy sheriff.

ORS 51.500 provides:

"With the approval of the * * * board of county commissioners * * * such constable may have one or more deputies, * * *. Each deputy shall have authority and power to perform any duty or act that the appointing constable has the authority and power to perform * * *. Each deputy shall receive monthly from the county such salary as may be fixed by order of the * * * board of county commissioners. * * *"

ORS 204.685 says:

"Each deputy, assistant and clerk in the offices of the elective officers of Multnomah County and of the constable of the Portland District shall be appointed * * *"

and, continuing, contains provisions, which, so far as they are pertinent to this case, are in language substantially similar to that of ORS 51.500 just quoted. The office of sheriff is elective. Constitution of Oregon, Art VI, § 6, and ORS 204.005.

ORS 15.060, which concerns sheriffs and their deputies, says:

"(1) The summons shall be served by the sheriff of the county where the defendant is found, or his deputy, or by any competent person over the age of 21 years who is a resident of the state of Oregon and is not a party to or an attorney in the action."

The section pertains to the circuit court.

ORS 52.120 pertains to summons issued by a justice of the peace, and directs:

"(1) The summons shall be served by the sheriff of the county or his deputy, or any constable of the county or his deputy, or may be served by any competent person over the age of 21 years who is a resident of the state of Oregon and is not a party to or an attorney in the action."

ORS 46.120, pertaining to the service of summons issued by the district courts, specifies:

"(1) The summons of a district court shall be served by the sheriff of the county or his deputy, or any constable of the county or his deputy, or by a marshal or chief of police of any incorporated city within the limits of such city, or by any competent person over the age of 21 years who is a resi-

dent of the State of Oregon and is not a party to or an attorney in the action. * * *

"(2) Service of all processes of a district court, other than the summons, shall be made by one of the officers named in ORS 52.120."

The foregoing shows that, although a deputy sheriff may serve a summons issued by (1) the circuit court, (2) the district court, and (3) a justice of the peace, a deputy constable cannot serve a summons issued by the circuit court except in his role as a layman. This proceeding is not concerned with action that may be taken by a deputy sheriff or a deputy constable in his role as a layman.

The question then occurs, are all summonses alike, regardless of the court from which they emanate, so that for the purpose of this suit they may be likened to fungible goods, or do they differ substantially according to the court from whence they came.

■ The circuit court is a court of general jurisdiction. *Montesano Lumber Co. v. Portland Iron Works,* 78 Or 53, 152 P 244. The district court is a court of limited jurisdiction, and, expressed loosely, its civil jurisdiction is limited to $1,000. It does not extend to causes that call for adjudication of the title to real property. ORS 46.070. The civil jurisdiction of a justice of the peace is severely restricted and, expressed generally, is confined to actions which do not involve more than $250. ORS 51.080. His court can neither adjudicate the title to real property (ORS 51.090) nor issue a writ of attachment for real property (ORS 52.250). The amount involved in the action in which the sheriff or constable is undertaking to serve the summons may affect the amount of his liability, in the event that he is negligent in the performance of his duty. Such is seen from *Hammons v. Schrunk,* 209 Or 127, 305

P2d 405. Accordingly, since most actions and suits which involve matters of greater import are filed in the circuit court, it is generally true that a deputy sheriff assumes a greater responsibility and incurs a greater liability when a summons has been intrusted to him for service than a deputy constable in the handling of the type of process that falls into his hands. We do not believe that for the purposes of this case the mere fact that the paper is entitled Summons, one issued by a district court is identic to one issued by the circuit court.

The above indicates that a dissimilarity of moment exists between the status of a deputy sheriff, who undertakes the service of process issued by the circuit court, and that of a deputy constable, who proceeds to serve a similar paper which emanated from the district court or from a justice of the peace.

■■ We cannot affirm the challenged judgment unless it appears from the record before us that the official action which the writ directs the defendants to take is "an act which the law specially enjoins, as a duty resulting from" the office held by them. In making that statement, we depend upon ORS 34.110, which says:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise its or his judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion."

This court has held many times that if a challenged act involves the exercise of discretion, a writ of man-

damus cannot direct the manner in which the discretion shall be applied. *School District No. 1 v. Shull,* 160 Or 225, 84 P2d 479; *Riesland v. Bailey,* 146 Or 574, 31 P2d 183, 92 ALR 1207; *Putnam v. Norblad,* 134 Or 433, 293 P 940; *State v. Siemens,* 68 Or 1, 133 P 1173; and *State v. Malheur County Court,* 54 Or 255, 101 P 907. The writ will issue, in instances of this kind, only in the event that the record establishes an arbitrary abuse of discretion. *Riesland v. Bailey,* supra.

*Drake v. City of Portland,* 172 Or 558, 143 P2d 213, bestowed extensive care upon some phases of the problem presented by this appeal. As summarized in a footnote upon page 296 of 3 McQuillin, Municipal Corporations, 3d Ed, that decision held:

> "Classification, when performed by a civil service board, is the exercise of ministerial or executive power. The exercise of the power is subject to review when the circumstances show that the board exceeded the authority conferred upon it, that it abused the power it possessed, or that its results were palpably wrong. But the fact that classification ordered may create some difficulties is not sufficient ground for setting it aside."

The same treatise in § 12.77, speaking of classification, declares:

> "* * * This is an administrative matter, which is usually vested in the commission, and concerning which the commission may exercise a wide discretion, * * *. Although mandamus will not issue to prevent a threatened abuse of discretion in classification by a civil service commission, the writ is available, in proper case, to compel a classification of positions to be made. While classifications vary largely in the various jurisdictions, it would seem unquestioned that they must be on a basis of positions bearing a reasonable relation to each other."

*State ex rel. Reilly v. Civil Service Commission of City of Spokane,* 8 Wash2d 498, 112 P2d 987, presented an issue which was virtually the opposite of that before us. It illustrates the broad range of discretion in making classifications which a civil service commission possesses. In that case, unlike that in the case at bar, the petitioners sought a writ requiring the civil service commission to create an additional classification. The petitioners were members of the police department of the city of Spokane. The civil service commission of that municipality had classified the police force in three grades—patrolman, sergeant, and captain. The petitioners sought a writ which, if granted, would require the commission to create a fourth grade, that of detective or plain-clothes man. They presented evidence which showed that the chief of police assigned patrolmen to plain-clothes duty and that thereupon the appointee received $11 per month more salary. Their evidence also indicated that a detective is required to possess greater skill than a patrolman and that, whereas a patrolman's work is intended to prevent the commission of crime, a detective's duty is the detection of the guilty person after a crime has been committed. We now quote from the decision:

" 'Where the position is one as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification. In other words, if the classification of the commission clearly violates the Constitution or the statute, mandamus should issue to correct the classification. If the action of the commission is not palpably illegal, the court should not intervene.' 1 Dil-

lon on Municipal Corporations, 5th Ed., pp. 700, 701. Pratt v. Rosenthal, 181 Cal. 158, 183 P. 542, 544.

" 'The board [civil service] has a sound discretion in determining what duties shall be imposed upon an employee in a particular position, and whether the addition of certain duties requires a reclassification of that position. Unless there is a clear abuse of discretion in that regard, we may not interfere with the province of the board by means of mandamus or otherwise. Mann v. Tracy, 185 Cal. 272, 196 P. 484.' Otto v. Reardon, 21 Cal.App.2d 260, 69P.2d 185, 188."

In reaching its decision, the court said:

"Although we are of the opinion that the commission might very well have classified the detective branch separately, in view of the differences between the duties, salaries, and requirements of the groups, we do not feel that the commission's classification was so palpably erroneous as to warrant our interference with its discretion. The distinction in duties and requirements, although substantial, is not unreasonable, nor is the salary difference an extreme one. * * * Since the civil service commission was not acting in a manner palpably illegal, and no abuse of discretion was shown, the courts have no jurisdiction to interfere with the classification."

In a preceding paragraph we took note of the fact that a material dissimilarity exists between the service performed by a deputy sheriff and deputy constable. The commission could properly believe that the former's work involved greater responsibility and entailed greater financial liability. That being true, it cannot be said that the commission acted arbitrarily or without basis for its classification. We realize that the conclusion just expressed is at variance with that of the able circuit court judge whose findings are

quoted in a preceding paragraph. The difference in opinion may be due to counsel's failure to have called to the trial court's attention the sections of our laws set forth in previous parts of this opinion.

It follows from the foregoing that the petitioners have not established that the defendants owe a duty to take the course which the writ seeks to exact of them. Accordingly, we are forced to conclude that under ORS 34.110 the circuit court erroneously issued the writ.

Judgment reversed.