Argued February 6, reversed and remanded April 30, 1969

STATE ex rel NILSEN, *Appellant, v.* CUSH-
ING et al, *Respondents.*

453 P2d 945

*Victor Levy,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, H. J. Belton Hamilton, Thomas N. Trotta, G. Dwyer Wilson, Dale W. Conn, Albert L. Menashe, and Gayle Gemmell, Assistant Attorneys General, Salem.

*Michael S. Killoran,* District Attorney, Grants Pass, argued the cause for respondents. With him on the brief was Robert M. Burrows, Deputy District Attorney, Grants Pass.

Before PERRY, Chief Justice, and MCALLISTER, GOODWIN, HOLMAN and HAMMOND, Justices.

GOODWIN, J.

The Labor Commissioner appeals from a circuit court judgment denying mandamus against a district judge who had denied the Commissioner's motion for a default judgment.

The Commissioner, charged by ORS 652.330 with a duty to assist unpaid workmen in collecting wages,

had commenced an action in the District Court for Josephine County to collect wages and penalties on behalf of a baby sitter. The employers, a Mr. and Mrs. Donald J. Gray, were duly served with the complaint and summons, but failed to appear. The unpaid wage claim amounted to $21.00. Penalties demanded in the complaint amounted to $317.10. Costs and attorney's fees would have run the total up to nearly $500.00. The district judge answered a request for a default judgment with a letter saying he thought the penalties required explanation. The district judge later decided not to enter judgment until he had taken testimony on the amount of wages and penalties due. The Commissioner brought mandamus, taking the position that ORS 18.080(1)(b)[1] allowed the judge no discretion in the matter. The circuit court agreed with the district court, and the Commissioner appeals.

■ An action to recover wages, statutory penalties, costs and attorney fees is not an action "arising upon a contract for money or damages only," under ORS 18.080(1)(a), but is an "other" action governed by

---

[1] ORS 18.080 (1) (b) "In other actions, the clerk, upon written motion of the plaintiff being filed, shall enter the default of the defendant, and thereafter the plaintiff may apply to the court for the relief demanded in the complaint. The court shall, upon such application, give judgment for the amount claimed in the summons, or the relief demanded in the complaint, unless it is necessary, to enable the court to give judgment or carry the same into effect, to take proof of any matter of fact, in which case the court may order the entry of judgment to be delayed until such proof is taken. The court may hear the proof itself, or make an order of reference, or that a jury be called to inquire thereof. Thereupon the court shall enter judgment in accordance with its own findings, or the verdict of the jury; provided, however, that in all cases where the cause of action is for unliquidated damages, if a jury is demanded by either party to assess the damage, the court must grant such jury trial. If neither party demands a jury the damage may be assessed by the court."

ORS 18.080(1)(b). *Nordling v. Johnston,* 205 Or 315, 283 P2d 994, 287 P2d 420, 48 ALR2d 1369 (1955). Accordingly, the clerk of the court was neither authorized nor required to enter the judgment. The fixing of a reasonable attorney fee was a judicial act and could not be performed by the clerk of the court. It does not follow, however, that there was a necessity for the taking of evidence.

The complaint set forth the basis for the various amounts demanded. The wage claim of $21 amounted to $10.50 per day for the two days worked. The amount was calculated at the rate of $1.50 an hour for seven hours on each day. A statutory penalty under ORS 652.350 of ten per cent added $2.10. A further penalty under ORS 652.150 (30 days' wages at $10.50 per day) came to $315. The days worked, the rate of pay, the willfulness of the failure to pay, and all other material facts alleged in the complaint had been "admitted" by the. default. *Kerschner v. Smith,* 121 Or 469, 472, 236 P 272, 256 P 195 (1927); *Philbrick v. O'Connor,* 15 Or 15, 18-19, 13 P 612 (1887).

█ The penalty under ORS 652.150 was mandatory. In cases of willful nonpayment of wages, "* * * as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days  * * *." ORS 652.150; *Nordling v. Johnston,* supra.

Under ORS 18.080(1)(b), the taking of proof was not necessary. All the elements of the Commissioner's cause of action stood admitted. Apart from the matter. of the attorney fee, which the Commissioner had expressly agreed to accept in any amount fixed by the

court, there was nothing in the case upon which the taking of proof could be material.

In order to defeat mandamus in this case, it has been argued that because an attorney's fee had to be set, it is possible that the court may have desired testimony on the amount of such fee. Such a desire, had it been expressed in the case at bar, no doubt would have been honored by the plaintiff. The parties, however, were at no time in disagreement on the matter of attorney fees, and the attempt to inject the attorney fee as a viable issue in this appeal is an attempt to dodge the only issue which was disputed below, i.e., whether or not the penalties were excessive. The court and the plaintiff fully understood that the attorney fee was not a problem, and discretion to fix fees does not draw after it a generalized discretion to refuse to enter judgment for the liquidated amounts to which the plaintiff was entitled by law upon the failure of the defendants to appear and contest the case.

■■ It has been suggested that an Oregon court has inherent power to satisfy itself by a testimonial hearing or otherwise of the probability of the facts alleged in a complaint before granting a default judgment. Assuming, without deciding, that there may be a broad area of discretion with reference to deciding when testimony is "necessary" under ORS 18.080(1) (b), this is not such a case. Proof prior to a default judgment is "necessary" only when evidence would affect the outcome of the case. A court having before it a sworn complaint alleging a good cause of action for wages has no need to take testimony to reaffirm the allegations of the complaint. The allegations are presumed to be true. Given the fact that the baby sitter had worked two days and had earned $10.50 each

day, the wage claim of $21 was fully liquidated and required no testimony to make it more definite. The penalty was an automatic calculation based upon a statute, and given the admission (by default) that $21 in wages remained unpaid, testimony on the matter of the penalty would have been irrelevant. The judge's letter to the plaintiff revealed that the judge had no reason to doubt any relevant fact: "This defendant apparently owes $21.00. This Court does not feel justified in running this up to $423.35 plus interest. How can you justify it?" This letter was answered by a letter pointing out the application of the statutory penalties to the unpaid claim. Discretion in requiring proof means legal discretion, not the individual judge's ideas about the wisdom of a particular law.

■ In the case at bar, the only question that could reasonably be raised by the judge would concern the construction of the applicable wage laws. The judge was entitled to be advised on the law, but, eventually, he would have a clear duty to enter some kind of a judgment. When the judge refused to enter a judgment, the plaintiff was entitled to bring mandamus to compel the entry of a judgment. ORS 1.025.[2]

---

[2] ORS 1.025 "(1) Where a duty is imposed by law upon a court, or upon a judicial officer, clerk, bailiff, sheriff, constable or other officer, which requires or prohibits the performance of an act or series of acts in matters relating to the administration of justice in a court, it is the duty of the judicial officer or officers of the court, and each of them, to require the officer upon whom the duty is imposed to perform or refrain from performing the act or series of acts.

"(2) Matters relating to the administration of justice include, but are not limited to, the selection and empaneling of juries as provided in ORS chapters 10 and 132, the conduct of trials as provided in ORS chapter 17, the entry and docketing of judgments as provided in ORS chapter 18 and all other matters touching the conduct of proceedings in courts of this state.

"(3) The duty imposed by subsection (1) of this section may be enforced by writ of mandamus."

The penalty provision of ORS 652.150 is no stranger to this court. In *McGinnis et al v. Keen,* 189 Or 445, 221 P2d 907 (1950), we held the penalty applicable to piece-work wage earners. We also held that for the purposes of calculating the amount of the penalty the court could look to the amount earned by the workman during the 30-day period immediately preceding the cessation of his employment.

In *Nordling v. Johnston,* supra, we held again in a case dealing with piece-work wages that the penalty provision of ORS 652.150 was a "penalty" and not liquidated damages. *Nordling v. Johnston* also supports the position of the Commissioner that ORS 652.150 leaves no discretion in the court in fixing the amount of the penalty. We said:

"The statute really requires no construction, for it plainly provides for the continuance of the workman's wages or compensation for a period not to exceed 30 days at the same rate at which he was being paid while he was working. If, for example, a man works 30 days at a wage of $5.00 per day, the penalty would be $5.00 per day for every day that payment is withheld, and would continue for 30 days if the wages are then unpaid, unless action was commenced before the period of 30 days has elapsed. If the man works only one day at that rate the penalty would be exactly the same. Where, however, he does what is in the nature of piece work, as here, and is not paid a fixed daily or weekly wage but is paid on the basis of the quantity of work done, then, in order to apply the statute it becomes necessary to arrive at the rate per day by computation." *Nordling v. Johnston,* 205 Or at 335.

In *State ex rel Nilsen v. Adams,* 248 Or 269, 431 P2d 270, 433 P2d 831 (1967), on rehearing, we held that the Commissioner had failed, on the record in

that particular case, to establish any rate of pay to which the penalty provision of ORS 652.150 could apply, and we denied penalty recovery altogether.

In light of the statutory purposes to be served by ORS 652.150, the *Adams* case should be limited to its somewhat unusual facts. Assuming that there was a failure of proof in the *Adams* case, there is no reason to hold in the case at bar that no wage rate had been established.

It is apparent from the *Nordling* case and from *State ex rel Nilsen v. Johnston et ux*, 233 Or 103, 377 P2d 331 (1962), that the penalty outlined in ORS 652.150 was intended to protect employees from unscrupulous or careless employers who fail to pay wages when due.

In *State ex rel Nilsen v. Ore. Motor Ass'n.*, 248 Or 133, 432 P2d 512 (1967), the question before the court was whether or not ORS ch 652 authorized the Commissioner to collect unpaid vacation pay as part of the unpaid wages. Although the problem was different from the problem now before us, one general statement in that case applies to the case at bar.

> "The policy of the statute is to aid an employe in the prompt collection of compensation due him and to discourage an employer from using a position of economic superiority as a lever to dissuade an employe from promptly collecting his agreed compensation. This policy is just as applicable to an unpaid vacation claim as to an unpaid hourly compensation claim * * *. *The smaller the amount of unpaid compensation the greater is the need for assistance in effecting collection.* The policy of the statute is analogous to the policy underlying ORS 20.080, which allows the collection of attorneys fees in certain small tort claims." 248 Or at 138. (Emphasis added.)

■ Since the employers in the case at bar fall within the statutory definition of an employer, they are bound to pay the penalty as contended by the Commissioner. ORS 652.310. Nothing in the statute excuses those who employ baby sitters now and then.

■ Mandamus may not be applied to control judicial discretion. ORS 34.110; *Ruonala v. Board of County Comm.*, 212 Or 309, 319 P2d 898 (1957). But apart from setting an attorney fee which the Commissioner had consented to accept regardless of the amount, the judge had no need to exercise discretion. Since the facts are not in dispute, the judge had the duty only to apply the correct rule of law. *State ex rel Bethke v. Bain,* 193 Or 688, 703, 240 P2d 958, 965 (1952). Mandamus is designed to compel a court to perform its ministerial duties when they involve no discretion or judgment. ORS 1.025; *State ex rel Coast Holding Co. v. Ekwall,* 144 Or 672, 26 P2d 52 (1933); *In re Clark,* 79 Or 325, 154 P 748, 155 P 187 (1916).

The writ should have been allowed. The judgment below is reversed with instructions to issue a peremptory writ of mandamus in keeping with the petition herein.

Reversed and remanded.

HAMMOND, J. (Pro Tempore) dissenting.

The question here is not whether plaintiff would be entitled to the judgment prayed for after presentation of evidence in support of the complaint. Neither are we concerned with the right of plaintiff to the entry of an order of default upon failure of the defendants Gray to make an appearance within the prescribed statutory period following service of summons and complaint upon them.

The sole matter for consideration is whether a trial judge has inherent discretionary authority to require proof by a prima facie hearing of facts which tend to support a claim presented to him when the claim raises either factual or legal problems that suggest the need for closer scrutiny than is afforded by the blind acceptance of a plaintiff's demand for judgment based upon the allegations of a complaint.

While a trial judge is unequivocally bound to follow the law that applies to a particular factual situation, he is not bound to be insensible to a normal human reaction that a judgment for $513.10 plus interest which stems from 14 hours of baby-sitting bears the possibility of creating a great miscarriage of justice. In my opinion, the trial judge has not only the discretionary authority to make such an examination of the problem presented to him, he has a profound duty to do so.

Plaintiff's assignor by her complaint simply alleges that she performed 14 hours of child care work at the rate of $1.50 per hour during October 7 and 8, 1966. Plaintiff's calculation of penalty is based upon the performance of seven hours' work on each date, but the complaint does not so state.

I find no precedent that indicates any arbitrary conduct or breach of duty in the communication of the district judge to plaintiff which stated:

"* * *.

"Dear Sir:

"In view of your request for judgment, I feel that in this case the Court should probably require some testimony on it which substantiates the plaintiff's claims. I am therefore setting it for Nov. 16, 1967, at the hour of 10:00 A.M., at which time

plaintiff may call witnesses to establish the allegations of the complaint."

Plaintiff refused to appear and commenced this mandamus proceeding.

There is a wise and often-repeated precept of the law that "Default judgments are not favored in the law, and the trial court has the power in its discretion to set aside default judgments either during the term in which the judgment is rendered or thereafter." 6 Okla L Rev 257, 265 (1953). Also in this vein see ORS 18.160 and *Schrader v. Schrader,* 242 Or 526, 410 P2d 1017 (1966). In spite of this legal philosophy, the majority hold that *in granting* the default judgment the trial judge has no discretion. I disagree. I would affirm the order of the trial court and dismiss the alternative writ of mandamus.