# IN THE TAX COURT OF THE
# STATE OF OREGON

State ex rel
**D.R. JOHNSON LUMBER COMPANY,**
dba Prairie Wood Products

*v.*

**DEPARTMENT OF REVENUE**
*and*

**GRANT COUNTY ASSESSOR,**
*Intervenor*

(TC 4106)

David L. Canary, Garvey, Schubert & Barer, Portland, represented relator.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Edward M. Holpuch, Jr., County Counsel, Grant County, waiving oral argument, represented intervenor.

Decision for defendant and intervenor rendered May 20, 1997.

## CARL N. BYERS, Judge.

Relator's Petition for Alternative Writ of Mandamus seeks to compel the Department of Revenue (department) to defend an opinion and order which was appealed to the Oregon Tax Court. It also seeks to prevent the department from assisting a party to a Tax Court appeal to overturn the department's own order. Grant County intervened and, like the department, filed a responsive pleading. The matter is before the court on Relator's Motion for Summary Judgment. The parties have stipulated the facts and submitted written and oral arguments.

## FACTS

The stipulated facts are as follows:

"1. The subject property in this case is the Prairie Wood Products sawmill located in Prairie City, Grant County, Oregon, which is owned and operated by relator. The owner is an 'electing' owner under ORS 308.411. The subject property is industrial property appraised by the defendant pursuant to ORS 306.126.

"2. For the 1994-95 tax year, Jim Bennett of the Property Tax Division of the Oregon Department of Revenue appraised the subject improvements pursuant to ORS 306.126 and advised the assessor of his value. Upon receiving this transmitted assessment value, the Grant County Assessor misunderstood the information in the transmittal and placed a value for the subject improvements on the tax roll which was less than the assessment value determined by the department appraisers. The Grant County Assessor placed $5,023,530 on the roll, of which $148,290 was assigned to land and $4,875,240 was assigned to improvements.

"3. Relator properly and timely appealed the assessed value for the 1994-95 tax year, contending the real market value of the property did not exceed $3,456,000. At the defendant's administrative hearing, on February 13, 1996, department appraisers Jim Bennett and Doug Adair contended the correct assessment value for the subject improvements should be $6,094,050. Mr. Bennett presented a written appraisal report. Relator's appraiser, Consilium, appeared and presented a written appraisal report.

"4. The results of the administrative hearing are contained in Opinion and Order Nos. 95-1827 and 95-1828, which was signed by the Director of the Oregon Department of Revenue, dated and mailed June 29, 1996. * * *

"5. Grant County appealed the Opinion and Order of the Director by filing a complaint in the Oregon Tax Court, naming the defendant Oregon Department of Revenue and relator as defendants in Tax Court Case No. 4031. The defendant appeared by and through the Oregon Attorney General, and, in answer to the allegations of Grant County's complaint, denied that Grant County was aggrieved, denied that the real market value was an amount higher than found by the Director in the Opinion and Order, and prayed for judgment of the Tax Court affirming the Opinion and Order and awarding defendant its costs and disbursements as against Grant County. Relator intervened in Tax Court Case No. 4031.

"6. At a case management conference held before the Oregon Tax Court in Case No. 4031, the defendant, by and through the Attorney General, stated the Department was not going to play an active role in defending the defendant's

Opinion and Order and would leave it to the relator to bear the time and expense of defending defendant's Opinion and Order in the Tax Court case.

"7. Grant County has notified the Oregon Department of Revenue that it intends to call department appraisers in Tax Court [Case] No. 4031 to explain the department's appraisal. Grant County has also notified the department that it will issue[ ] subpoenas, if necessary to obtain such testimony. In anticipation of the pending litigation, the Oregon Department of Revenue has employed, at no cost to Grant County, Jim Bennett, Senior Industrial Appraiser of the Property Tax Division of the Oregon Department of Revenue, to prepare an appraisal of the subject improvements. Accordingly, Jim Bennett has prepared a new appraisal report, including the originally determined value, in anticipation of the proceedings in Tax Court [Case] No. 4031. The department intends to transmit this report to Grant County to enable the county to exchange it with relator on March 26, 1997. Unless ordered by the court otherwise, Mr. Bennett intends to honor a request or subpoena by Grant County to testify as to the value conclusions contained in his appraisal report. Mr. Bennett's appraisal and testimony, if permitted by the court, will support a value higher than that found by the defendant in its Opinion and Order Nos. 95-1827 and 95-1928.

"8. Relator contends Mr. Bennett's appraisal and testimony are prohibited by law as a result of the findings in defendant's Opinion and Order Nos. 95-1827 and 95-1928, and defendant, Oregon Department of Revenue, contends the appraisal and testimony are not prohibited.

"9. Although it has happened in the past, it is rare that appraisers of the Property Tax Division of the Oregon Department of Revenue have appeared as expert witnesses on behalf of county assessors where the Oregon Department of Revenue has issued an opinion and order in favor of the industrial taxpayer and the county has appealed the defendant's opinion and order to the Oregon Tax Court. To the knowledge of the parties, this is the first time an industrial property taxpayer has objected to a department appraiser preparing an appraisal and being called as a witness to testify regarding his or her appraisal."

## ISSUES

(1) Is the department obligated to defend its opinion and orders before the Tax Court? (2) Is the department prohibited from assisting the county to overturn the department's opinion and orders?

## ANALYSIS

 Mandamus is an extraordinary remedy. ORS 34.120 generally vests jurisdiction for mandamus proceedings in the circuit court. The Oregon Tax Court, however, has jurisdiction as follows:

> "[T]he Oregon Tax Court or judge thereof shall have jurisdiction in mandamus proceedings in all cases involving tax laws as defined in ORS 305.410, * * *."

ORS 305.410 defines tax laws as "the tax laws of this state" with specific exclusions listed. Most of the tax laws of this state are found in Title 29, ORS chapters 305 through 324. ORS chapter 319 relating to motor vehicle and aircraft fuel taxes, is specifically excluded. ORS 305.410(1)(h). Also, ORS chapter 312 and portions of ORS chapter 311 are specifically excluded. ORS 305.410(1)(o).

The issues raised by the pleadings concern the administration of the tax laws of this state. ORS 306.125 and ORS 306.126 provide for assessments of industrial properties. ORS 305.145 pertains to the department's authority to settle or compromise taxes, penalties, and interest. ORS 305.115(4) concerns the effect of the department's opinion and orders. ORS 306.115 describes the department's supervisory authority, and ORS 305.120 sets forth the department's duty to enforce the tax laws. Inasmuch as these are tax laws within the meaning of ORS 305.410, the court concludes that it has jurisdiction over this mandamus proceeding and must consider and rule on the issues raised by the petition and motion.

In its Motion for Summary Judgment, relator asserts that: (1) it is inconsistent and a violation of duty for the Director of the department to refuse to defend his determination of value on appeal; (2) it is inconsistent for the

department to assist the county in an effort to overturn the department's own determination; (3) the violation of duty exceeds the legislatively granted powers; (4) ORS 305.115(4) makes the opinion and order binding on everyone, including the department; and (5) by assisting the county to overturn the department's own order, the department makes a mockery of the appeal process.

## ISSUE NO. 1

Is the department obligated to defend its opinion and orders before the Tax Court?

■■ ORS 34.110 authorizes a writ of mandamus "to compel the performance of an act which the law specially enjoins." As indicated by cases, "the petitioner must show a clear legal right." *Horsefly Irr. Dist. v. Hawkins*, 121 Or 366, 372, 254 P 825 (1927). Moreover, where the act involves the exercise of discretion:

> "[A] writ of mandamus cannot direct the manner in which the discretion shall be applied. The writ will issue, in instances of this kind, only in the event that the record establishes an arbitrary abuse of discretion." *Ruonala v. Board County Comm.*, 212 Or 309, 317-18, 319 P2d 898 (1957) (citations omitted).

The department has "general supervision and control" over the property tax system. ORS 306.115(1). It is charged by the legislature to see that all taxable property is taxed in accordance with the law. *Id.* In fulfilling that responsibility, the department conducted an administrative hearing to determine the correct value of the subject property. That determination is binding on all persons unless it is overturned by higher authority. ORS 305.115(4). Taxpayer claims that the department's refusal to defend its decision on appeal is inconsistent with its determination and in violation of its duty.

■ However, relator is unable to point to a statute which "specially enjoins" the department to defend its opinion and orders. The duty to defend may be implicit in the overall structure of the tax system and the statutory arrangements for appeals; however, the extent of that duty may depend upon the nature of the case. The courts have distinguished

between cases where the agency is a "disinterested adjudicatory tribunal," *see Wasco County v. AFSCME*, 31 Or App 765, 767, 571 P2d 549 (1977), and the situation where the agency is an interested party and has a stake or claim in the outcome of the adjudication, *see Pierce v. Douglas Sch. Dist. No. 4*, 68 Or App 1, 3-4, 680 P2d 654 (1984). For example, in income tax matters, the department has the duty to collect the tax. If the taxpayer appeals the tax assessment to the court, then the department has a stake in the outcome of that appeal. However, in a property tax appeal, it is the taxing units and the taxpayer that stand to gain or lose. The department's only interest is in seeing that the parties comply with the tax laws. In the latter case, the department may determine that, where the parties are adequately motivated to thoroughly test the issues and adduce any available evidence, it need not expend state resources to fulfill its responsibility.

The court cannot find any language in the statutes to support finding that the legislature requires the department to defend its decisions. Like a court, the department typically must rely upon the evidence presented. That evidence may be lacking or inadequate. Often, the taxpayer's witnesses and the county's witnesses present the evidence and the department makes a decision without input from its own appraisers. If its own appraisers believe the decision is wrong, then must the department nevertheless defend that decision? Or, perhaps more problematic, if the department rules against its own appraisers, then how is it to defend its position? Must it hire the taxpayer's appraisers?

There is a great difference between what the department may do and what it must do. The department may defend or join in the defense of an appeal, but it is not required to do so. To require it to do so would have enormous budgetary and administrative ramifications. The court has examined the statutes and finds no language to support imposing such a duty on the department.

### ISSUE NO. 2

Is the department prohibited from assisting the county to overturn the department's opinion and orders?

■ By assisting the county, the department is clearly acting inconsistently. Reason indicates that if the department makes a considered determination of value in fulfilling its duty, assisting a party on appeal to overturn that determination is inconsistent. Unless that action is based on a later discovered error or evidence, the circumstances suggest some lapse, if not breach, of duty. However, the tests for a mandamus proceeding are more rigorous and specific than general considerations of consistency and equity.

Relator again has not identified any law prohibiting the department from utilizing its resources in that manner. Rather than limit the department's authority, the statutes give it broad discretion. In ORS 306.115(1), the department is expressly authorized to:

> "[D]o any act or give any order to any public officer or employee that the department deems necessary in the administration of the property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions * * *."

The essence of relator's petition is simply that the Director should not and cannot act inconsistently. However, as the department points out, the statutes grant it power to compromise and settle cases. ORS 305.145. Of necessity, new or additional information may cause the department to change its position. Often, particularly in industrial and larger cases, discovery and a more thorough analysis of the facts occur after the department issues its opinion and order. Moreover, all proceedings before the Oregon Tax Court are *de novo* and original. ORS 305.425. The court makes its decision based on the evidence and arguments submitted to it. It gives no consideration to the record or decision of the department below. Because trials are *de novo*, the parties can improve their positions with new or better evidence. *Price v. Dept. of Rev.*, 7 OTR 18, 23 (1977). These statutory provisions suggest that neither party is obligated to maintain its prior position. It would be unusual to compel the department to maintain the same position and defend that position when other parties before the court may amend or change positions.

In summary, the court concludes that the position the department takes before the court regarding its opinion

and orders are within its discretion. Likewise, whether the department determines to assist another party in an appeal before the Oregon Tax Court is a discretionary decision. In a mandamus proceeding, the court may address such discretionary decisions only if there is an arbitrary abuse of discretion. Also, the court may issue a writ of mandamus only if it is enforcing a clear or "specially enjoined" duty. Neither is present in this situation. The court finds that the legislature did not intend to require the department to defend its opinion and orders. Such a posture would imply budgetary and administrative constraints which are not present in the statutes. Such constraints might also be counterproductive to the department's affirmative duty in ORS 306.115 to supervise the tax system. Accordingly, the court finds that Relator's Motion for Summary Judgment must be denied and the mandamus proceeding should be dismissed. Now, therefore,

IT IS ORDERED that Relator's Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Relator's Petition for Alternative Writ of Mandamus is dismissed.