BAPTIST,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES
DIVISION et al,
*Respondents.*

(2-2201-JOL840-1, CA A21469)

BAPTIST,
*Petitioner,*

*v.*

ADULT & FAMILY SERVICES
DIVISION et al,
*Respondents.*

(2-2201-JOL841, CA 21470)
(Cases Consolidated)

646 P2d 645

Roy V. Smith, Oregon Legal Services, Albany Regional Office, Albany, argued the cause and filed the briefs for petitioner.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were David B. Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

### THORNTON, J.

Petitioner requests judicial review of two orders of the Adult and Family Services hearings unit. The first order terminated her monthly Aid to Dependent Children grant, and the second assessed petitioner $10,676 for past benefits received. The primary thrust of petitioner's appeal is that Adult and Family Services has erroneously interpreted its own administrative rule and further that its interpretation is inconsistent with applicable federal regulations.

Petitioner started receiving ADC for three of her four children in February, 1979, based on the continued absence of the father of three of these children, Clifford Baptist, from the home. During the same time Gary Morris was living in petitioner's household and continues to do so. Morris was the father of petitioner's fourth child, for whom she was not receiving ADC. AFS was aware that Morris was living there.

On March 6, 1978, plaintiff and Morris went through a marriage ceremony in Nevada and returned to Oregon. It appears that petitioner was given erroneous information at the time that her California divorce from Baptist had become final. Petitioner expected her California divorce from Baptist to become final on March 3, 1978, and therefore married Morris on March 6, 1978. In fact the divorce did not become final until April 24, 1978. Plaintiff did not, however, inform AFS of her Nevada marriage to Morris.

On August 15, 1980, AFS, having learned of the Morris marriage, notified plaintiff that her ADC grant would be terminated on August 31, because she was married to Morris and the regulations provide that "when the natural * * * parent and stepparent who is ceremonially married to the natural * * * parent are in the home, there is no deprivation on the basis of continued absence." OAR 561-05-430(3). The hearing officer found that the marriage to Morris was invalid. Nevertheless, he ruled that petitioner was "ceremonially married" to Morris and that, therefore, petitioner was not eligible for ADC from the date of that ceremonial marriage.

By way of background, before 1979, stepparents in Oregon were not liable for the support of their stepchildren;

a natural parent could receive ADC benefits while married to, and living with, a person unrelated to the children other than by marriage. In 1979, the Oregon legislature made stepparents liable for the support of stepchildren.[1] AFS accordingly changed its regulations so that eligibility for ADC was denied when the stepparent, as well as the natural parent, resided in the home with the children. ADC eligibility continued for the children of a couple who were not married but living together, provided one of the couple was not a natural parent of the children.

We conclude that both orders must be set aside.

■ Plaintiff argues that because the Nevada marriage was not legally valid under Nevada law, it was error for AFS to use this invalid marriage as a basis for depriving plaintiff's children of the grant and requiring plaintiff to pay back the sums received. We agree.

■ In ORS 109.053, the legislature has provided that stepparents are under a legal obligation to support the dependent children. The administrative rule in question, consistent with federal law, provides that when a person is ceremonially married to a natural or adoptive parent and living in an ADC household, the household is not entitled to the ADC grant. We conclude that the term "ceremonially married" as used in OAR 561-05-430(3) and 45 CFR § 233.90, applies only to legally valid ceremonial marriages only. Without a valid marriage, Morris was not the stepparent of petitioner's three children by her previous marriage. He had no legal obligation to support those children under ORS 109.053.

Orders in both cases set aside.

---

[1] ORS 109.053 provides:

"(1) The expenses of the family and the education of minor children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them. However, with regard to stepchildren, the obligation shall cease upon entry of a decree of dissolution.

"(2) As used in this section, 'stepchild' means a child under the age of 18, or between the ages of 18 and 21 if attending school as defined in ORS 107:108 who is in the custody of one biological or adoptive parent who is married to and not legally separated from a person other than the second biological or adoptive parent of such child.

"(3) Notwithstanding subsection (1) of this section, the legal duty of a parent to provide support for a child, as otherwise required by law, shall not be affected."