On petitioner's petition for attorney fees filed July 7 and on respondent's memorandum in opposition to petitioner's petition for attorney fees filed July 22, 1982, petition for attorney fees denied August 10, 1983

# BAPTIST,
*Petitioner,*

*v.*

# ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-2201-JOL840-1; 2-2201-JOL841;
CA A21469 (Control); CA A21470)
(Cases Consolidated)

668 P2d 428

Roy V. Smith, Oregon Legal Services Corp., Albany, for petition.

Virginia L. Linder, Assistant Attorney General, Salem, for respondent. With her were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Baptist v. Adult & Family Services Div.*, 57 Or App 748, 646 P2d 645 (1982), seeks an award of an attorney fee pursuant to the Oregon Administrative Procedures Act (APA). We deny the petition.

Our original decision was on judicial review, pursuant to ORS 183.482(8), of two orders of the Adult and Family Services Division (AFSD). AFSD, in separate orders, had terminated petitioner's aid to dependent children (ADC) grant and assessed petitioner $10,676 for past benefits received.

Petitioner's ADC grant had been based on the absence from her home of her children's biological father, Clifford Baptist. However, on March 6, 1978, petitioner, believing her California divorce from Baptist was final, went through a marriage ceremony with Gary Morris in Nevada. The couple returned to Oregon and lived together; it was Morris' presence in her home that led to the termination of petitioner's ADC grant.

AFSD terminated petitioner's grant pursuant to OAR 561-05-430(3): "[w]hen the natural * * * parent and stepparent who is ceremonially married to the natural * * * parent are in the home, there is no deprivation on the basis of continued absence." After a hearing, it was determined that, because petitioner's California divorce was not final at the time of the Nevada ceremony, she was not legally married to Morris. Nevertheless, AFSD ruled that petitioner was "ceremonially" married and denied her benefits.

On her petition for judicial review in this court, petitioner maintained that she was not "ceremonially married" within the meaning of the rule. We said:

> "We conclude that both orders must be set aside.
>
> "Plaintiff argues that because the Nevada marriage was not legally valid under Nevada law, it was error for AFS to use this invalid marriage as a basis for depriving plaintiff's children of the grant and requiring plaintiff to pay back the sums received. We agree.
>
> "In ORS 109.053, the legislature has provided that stepparents are under a legal obligation to support the dependent children. The administrative rule in question, consistent with

federal law, provides that when a person is ceremonially married to a natural or adoptive parent and living in an ADC household, the household is not entitled to the ADC grant. We conclude that the term 'ceremonially married' as used in OAR 561-05-430(3) and 45 CFR § 233.90, applies only to legally valid ceremonial marriages * * *. Without a valid marriage, Morris was not the stepparent of petitioner's three children by her previous marriage. He had no legal obligation to support those children under ORS 109.053." 57 Or App at 751.

The present petition for award of an attorney fee followed.

■ Petitioner seeks her award under both ORS 183.495 and 183.497, the alternative attorney fee award provisions of the APA. Because the latter statute is mandatory, we first consider whether the facts of this case falls within its terms. ORS 183.497 provides:

"(1)   Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2)   The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a)   Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b)   Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c)   A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3)   Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

Petitioner contends that her case falls within the coverage of the statute, because this court's decision was in her favor and

demonstrated that the agency decision was "without a reasonable basis in * * * law." We disagree.

The pivotal issue on the merits was whether petitioner, who had gone through a marriage ceremony that was subsequently determined to be invalid, was nonetheless "ceremonially married" for the purposes of OAR 561-05-430(3). We think it obvious that reasonable minds could differ as to the answer. The rule arguably required only the ceremony, not legal validity. AFSD's adoption of that view was reasonable, although legally incorrect. Petitioner is not entitled to an award of fees under ORS 183.497. *Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983).

Turning to ORS 183.495, petitioner fares no better. That statute provides:

> "Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

The statute is not mandatory. This court may make an award of attorney fees if, in our judgment, circumstances warrant. *Cook v. Employment Division,* 293 Or 1, 643 P2d 1271 (1982); *see generally, Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983).

In *Van Gordon* we described the purpose of ORS 183.495:

> "Although the purposes of the statute have never been clearly articulated, we think that two functions may properly be ascribed to ORS 183.495. First, fee awards ought to serve as deterents to groundless or arbitrary agency action. Second, the statute should operate to redress individuals who have borne unfair financial burdens defending against groundless charges or otherwise attempting to right mistakes that agencies should never have committed." 63 Or App at 565.

We went on in *Van Gordon* to discuss a wide variety of circumstances in which we would consider making an award. Concerning circumstances like those in this case, we said:

> "With respect to the first category, *i.e.,* reasonable but erroneous interpretations of ambiguous statutes, an interpretation will be deemed 'reasonable' even though it is wrong if

the interpretation has some basis in the language or the legislative history of the statute, or if the interpretation is consistent with some stated purpose of the scheme of which the statute is a part. When we reverse or remand in such a case because we have concluded that a different interpretation is the correct one, an award of an attorney fee will serve neither of the purposes we have ascribed to ORS 183.495. A fee award will not deter similar actions in the future, because reasonable misinterpretations are mistakes made in good faith rather than reckless or intentional decisions to adopt erroneous constructions. There is also less of a 'fairness' justification for attorney fees in such cases. We generally will not, therefore, award a fee when an agency has interpreted an ambiguous statute in a facially reasonable but erroneous manner." 63 Or App at 568.

Finding AFSD's interpretation of the rule in question reasonable, although wrong, we also deny an attorney fee under ORS 183.495.

Petition for attorney fee award denied.