On petitioner's petition for attorney fees filed January 26 and on respondents' response to petitioner's petition for attorney fees filed February 8, petition for attorney fees allowed August 31, 1983

# DOUGLASS,
*Petitioner,*

*v.*

# ADULT AND FAMILY SERVICES DIVISION,
*Respondents.*

## (2-2002-HW1461-1; CA A24308)

668 P2d 1232

*See also* 655 P2d 1103.

Roberta J. Lindberg, Legal Aid Service, Eugene, for petition.

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Douglass v. Adult and Family Services Division,* 61 Or App 298, 655 P2d 1103 (1983) *(per curiam )*, seeks an award of an attorney fee pursuant to the Oregon Administrative Procedures Act (APA). We award an attorney fee of $1,500.

Our original decision arose on judicial review of a final order of the Adult and Family Services Division (AFSD) that determined that petitioner had received an overpayment of $5,057.06 in public assistance funds as the result of an agency error and that the agency was not estopped from seeking to collect the overpayment from petitioner. Before this court, petitioner argued, *inter alia,* that the AFSD staff manual provision on which the agency based its decision that her ADC grant had been overpaid had never been properly promulgated pursuant to the rule-making provisions of the APA.

We agreed that the staff manual provision was a rule, that it was unpromulgated and that it could not be used by the agency to deny petitioner benefits. Our *per curiam* opinion stated, in full:

"Reversed and remanded. *Burke v. Public Welfare Div.,* 31 Or App 161, 570 P2d 87 (1977)."[1]

This petition for an attorney fee followed.

■ Petitioner argues that she is entitled to an attorney fee pursuant to ORS 183.497,[2] because the agency's decision

---

[1] *Burke v. Public Welfare Div., supra,* on which we relied, is a leading case for the proposition that agency practices of the kind in question must be promulgated as rules.

[2] ORS 183.497 provides:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

was "without a reasonable basis in fact or in law." It is enough to qualify for an award pursuant to ORS 183.497 in a contested case context that the final order be deficient in either fact *or* law. *Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416 (1983.)

■        Absent a properly promulgated rule, AFSD had no basis in law for its action. AFSD's action was unreasonable, because the *Burke* rule is a well-known and understood rule of administrative law to which an agency can fairly be expected to adhere without prompting.[3]

Petition for an attorney fee is allowed in the amount of $1,500, subject to counsel for petitioner filing with this court the documentation required by *Goldhammer v. AFSD,* 63 Or App 587, 592, 666 P2d 268 (1983).[4]

---

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

[3] We note particularly that *Burke* was cited to the agency in petitioner's brief at a time when the agency could have withdrawn its order and corrected its mistake. *See Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 567, 666 P2d 276 (1983); ORS 183.482(6).

[4] We note that, were petitioner not qualified for a fee under ORS 183.497, we should still award one as a matter of discretion under ORS 183.495. *See Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App at 568-69. We reiterate our suggestion in *Johnson v. Employment Division, supra,* 64 Or App at 284, that there appears to be no need for *both* ORS 183.495 *and* ORS 183.497, and the greater flexibility of ORS 183.495 makes it the more desirable one to retain.