On petitioner's petition for attorney fees filed January 5; on respondent's objection to petition for attorney fees filed January 17, 1983, petition for attorney fees denied April 18, 1984

CIVIL SERVICE BOARD OF THE
CITY OF PORTLAND,
*Petitioner,*

*v.*

BUREAU OF LABOR AND INDUSTRIES,
*Respondent.*

(4-79; CA A20231)

680 P2d 16

Richard A. Braman, Portland, for petition.

William F. Nessly, Jr., Assistant Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner, the prevailing party in *Civil Serv. Bd of Portland v. Bureau of Labor,* 61 Or App 70, 655 P2d 1080 (1982), *rev allowed* 294 Or 749 (1983), seeks an award of an attorney fee pursuant to ORS 183.497.[1] We deny the petition.

The case involves judicial review of a final order of the Commissioner that struck down the Portland Fire Bureau's age limit on hiring rookie firefighters as unlawful discrimination. Petitioner urged that the age limit was a bona fide occupational requirement (BFOR) for a hazardous, public-safety related occupation such as firefighting. We agreed, stating:

"The Commissioner attempted to apply what we view as an abbreviated *[Usery v.] Tamiami [Trail Tours, Inc.,* 531 F2d 224 (5th Cir 1976)] test and did so mechanically, without considering the Fire Bureau's reasonable basis for its assessment that the possibility or likelihood of injury or death would increase if it eliminated its maximum hiring age, and also ignored the admonition of the *Tamiami* court that an employer, in making that assessment, should err on the side of preservation of life and limb. This record clearly supports the reasonableness of the Fire Bureau's assessment of the risks of eliminating the maximum hiring age.

"* * * * *

---

[1] ORS 183.497 provides:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

"Because we conclude that the Commissioner erroneously interpreted the applicable law and that a correct interpretation compels the conclusion that petitioner's BFOR defense should be sustained, we set aside that portion of the order determining that Portland City Charter, section 4-106, insofar as it prescribes the maximum hiring age of 32 for hosemen, violates ORS 659.030(1)(a). ORS 183.482(8)(a)(A); as so modified, the order is affirmed." 61 Or App at 83-84.

In *Johnson v. Employment Division,* 64 Or App 276, 668 P2d 416, *rev den* 296 Or 120 (1983), we interpreted the scope and meaning of ORS 183.497. Most pertinent to this case, we stated:

"'This is the heart of the statute: In order for any award [of attorney fees] to be made, the agency's action must have lacked a *reasonable* basis in law or in fact. That is, the agency's action under the facts as found by the agency must be such that a reasonable agency would not have so acted. Similarly, an agency's construction of the law applicable to the case before it must be such that a reasonable agency would not have so construed the law." 64 Or App at 283. (Emphasis supplied).

Applying this standard to the present case, we cannot say that the Commissioner's action—although we ultimately held it to be wrong[2]—was unreasonable.

The facts that the legal issues presented by the case were relatively novel, that precedent (such as it was) was not dispositive, and that there were salutary purposes to be served by the act the Commissioner was enforcing all serve to make the Commissioner's actions here *reasonable,* even if wrong. Accordingly, no award of attorney fees is appropriate. *Johnson v. Employment Division, supra; see also Baptist v. Adult & Family Services Div.,* 64 Or App 265, 668 P2d 428 (1983).

Petition for attorney fees denied.

---

[2] Although it plays no rule in our evaluation of this petition, we note that the Supreme Court has accepted review of this case. We originally chose to withhold any ruling on the present petition on that account, reasoning that, were the Supreme Court to reverse our decision on the merits, the petition would be moot. The passage of time now persuades us that the better practice is to rule without regard to that ancillary consideration.