On petitioner's petition for attorney fees filed on November 30, 1982; on respondent's objection to petition for attorney fees filed December 10, 1982, petition denied May 2, 1984

# PIERCE,
*Petitioner,*

*v.*

# DOUGLAS SCHOOL DISTRICT NO. 4 et al,
*Respondents.*

## (CA A21227)

680 P2d 654

Jennifer Friesen and Kulongoski, Heid, Durham & Drummonds, Eugene, for petition.

Jan P. Londahl, Assistant Attorney General, and Dave Frohnmayer, Attorney General, Salem, contra.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

Petitioner, the prevailing party in *Pierce v. Douglas Sch. Dist. No. 4,* 60 Or App 285, 653 P2d 243 (1982), *rev allowed* 294 Or 569 (1983), seeks an award of attorney fees pursuant to ORS 183.495 and 183.497.[1] We deny the petition.[2]

This is a teacher dismissal case in which this court reversed a decision of the Fair Dismissal Appeals Board (FDAB) upholding petitioner's dismissal by the school district. We held that petitioner's offer to resign had been withdrawn before the school board had the opportunity to pass on it, thereby rendering its later decision to "accept" her resignation invalid. 60 Or App at 290-91. We reversed and remanded the case for further proceedings. This petition for attorney fees followed.

■ Petitioner is not entitled to an award. FDAB's actions here, while erroneous, were those of a disinterested

---

[1] ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

ORS 183.497 provides:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

[2] Our delay in ruling in this petition and that in a second case is explained in the latter. *See Civil Serv. Bd. v. Bureau of Labor,* 67 Or App 729 n 1, 680 P2d 16 (1984).

tribunal. It did not have (or even claim) a stake in the outcome. What we said under similar circumstances in *Wasco County v. AFSCME,* 31 Or App 765, 767, 571 P2d 549 (1977), applies equally here:

"When so functioning, an agency is like a specialized court, and we are not aware of any serious suggestion that when a court is reversed an award of attorney fees be made to the winner on appeal, to be paid out of the court's operating funds."

*See also Brown v. Adult and Family Services,* 293 Or 6, 14, 643 P2d 1266 (1982) (apparently accepting the *Wasco County* principle); *cf. Valley and Siletz Railroad v. Laudahl,* 296 Or 779, 681 P2d 109 (1984) (quasi-adjudicatory agency's interest lies in impartial, consistent and speedy adjudication of issues brought to it, and in that alone).

We hold that, when an agency's function in a case has been solely that of a disinterested adjudicator, no award of attorney fees is appropriate under either ORS 183.495 or 183.497.

Petition for attorney fees denied.