Argued and submitted October 19, 1984, reversed and remanded February 6, 1985

**WHITE,**
*Petitioner,*

*v.*

**EMPLOYMENT DIVISION et al,**
*Respondents.*

(84-AB-35; CA A31044)

694 P2d 1009

Mark B. Williams, Legal Aid Services, Portland, argued the cause for petitioner. With him on the brief was Michael H. Marcus, Legal Aid Services, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Sunnyside Health Care Center and Chiropractic Clinic.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Petitioner seeks review of a decision of the Employment Appeals Board that disqualified him from unemployment compensation benefits. He assigns as error that EAB denied him wage credits and also credit for weeks of work that he asserts he earned. We reverse.

Petitioner suffered a job-related injury in March 1981. The Workers' Compensation Department provided funds to retrain him as a computer operator. He completed retraining and the Workers' Compensation payments terminated on May 1, 1982. He then worked full time as a computer operator for a private health care clinic for three months in the second and third quarters of 1982. The Department of Vocational Rehabilitation arranged for petitioner's work at the clinic. SAIF paid his wages every two weeks. After the three-month period, the clinic hired him for the same position under a DVR-SAIF wage subsidy program but terminated his employment in January 1983 due to lack of work. Petitioner then filed a claim for unemployment compensation benefits.

The Employment Division refused to credit him for wages or for weeks of work in the three months in the second and third quarters of the base year 1982, when he worked for the clinic, and denied his claim. The referee, however, ruled that petitioner was entitled to credit for weeks of work at the clinic in the second and third quarters of 1982 and that, although petitioner was not entitled to wage credits for remuneration received from SAIF, he had earned sufficient wage credits during the balance of 1982 to qualify.

EAB modified the referee's decision and, with one member dissenting, ruled that petitioner was entitled neither to wage credits nor credit for weeks of work for his work at the clinic during the second and third quarters of 1982:

> "The work performed by the claimant during the second and third quarters of 1982 which was subsidized through Workers Compensation coverage and the Vocational Rehabilitation Dept. *constitute [sic] disability payments in a work experience program* and cannot be considered as wages subject to Chapter 657. It must follow therefore that the weeks for which he received the disability payments cannot be considered to be in subject employment and cannot be credited to the claimant for the purpose of establishing a valid claim under ORS 657.150." (Emphasis supplied.)

ORS 657.150(2) provides:

"(2)   To qualify for benefits an individual must have worked 18 or more weeks in subject employment in the base year with total base year wages of $1,000 or more.

Because of 13 weeks' work in the fourth quarter of 1982, petitioner satisfied the wage requirement in ORS 657.150(2). If he were otherwise qualified and the remuneration that he received during the second and third quarter of 1982 constituted "wages," he would receive larger benefits. He would not qualify, however, for benefits because of lack of credit for weeks of work unless he received credit for at least five of the weeks that he worked for the clinic during the second and third quarters.

Unless otherwise excluded by the act, "employment" is "service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied." ORS 657.030(1). The clinic was an "employer." ORS 657.025(1). Petitioner performed services for the clinic for remuneration, even though SAIF paid his wages. *See Columbia Management Co. v. Morgan,* 270 Or 109, 119, 526 P2d 571 (1974). Therefore, unless a statutory exclusion applies, petitioner's work for the clinic was in "subject employment," and he is entitled to credit for the weeks he worked in the second and third quarters.

The act lists certain working situations which are not considered "employment," but none of the exceptions applies to petitioner's service for the clinic. *See* ORS 657.030 to ORS 657.094. The definition of "employment" in the statute is a complete expression of legislative policy. EAB could not limit that coverage. *Miller v. Employment Division,* 290 Or 285, 620 P2d 1377 (1980); *see also Springfield Education Assn. v. School Dist.,* 290 Or 217, 225, 621 P2d 547 (1980). It is a question of law whether petitioner's work with the clinic during the second and third quarters of 1982 was "subject employment." ORS 183.482(8)(a); *Springfield Education Assn. v. School Dist., supra,* 290 Or at 222. It is, even though DVR arranged and SAIF subsidized that employment. Petitioner should receive credit for his 11 weeks of work for the clinic during those quarters.

Moreover, although EAB stated that the wages that

petitioner received for his work for the clinic during the second and third quarters were "disability payments in a work experience program," no statute provides that they should not be counted for unemployment benefit purposes. *See* ORS 657.105-.140. They were "remuneration for employment." ORS 657.105(1).

Reversed and remanded for reconsideration.