Argued and submitted February 11, reversed and remanded for reconsideration
March 20, 1985

HOARD,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-864; 84-AB-864-A; CA A32020 (Control), A32215)
(Cases Consolidated)

696 P2d 1168

Michael H. Marcus, Portland, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division, Raymond P. Thorne, Administrator.

Francis T. Barnwell, Portland, argued the cause for respondent Gelco Pony Express. With him on the brief were

Richard C. Hunt and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of an order of the Employment Appeals Board affirming a referee's decision upholding an administrative decision denying unemployment benefits. In particular, petitioner challenges EAB's adoption of the referee's finding that he was discharged for misconduct connected with his work. We reverse.

Petitioner was a courier service driver who, while on his assigned route, ran a red light and collided with another vehicle. He was cited for disobeying a traffic signal. As a result of the accident, he was also discharged by his employer.

The Employment Division's administrative decision denying benefits to petitioner states, in its findings of fact, that petitioner was discharged for "reckless driving." The precise reason for the use of this term escapes us; petitioner was not cited for reckless driving at the time of the accident. In any event, labeling petitioner's conduct as "reckless driving" certainly foreshadowed the Division's decision, which concludes that reckless driving demonstrates a wilful disregard of the employer's interest justifying a denial of benefits under OAR 47130-038(3).

On review, the referee affirmed the Division's conclusion, stating in part:

> "Claimant was discharged for violating the traffic code by not bringing his vehicle to a full stop at a red light. The violation resulted in a collision. Such a serious violation, which could have had grave ramifications, cannot and will not be dismissed as an isolated instance of good faith error or poor judgment.
>
> "Claimant's defense of temporary amnesia was not substantiated. He failed to submit any evidence in support of his allegation that the accident resulted from a loss of memory. Claimant could not even recall if the loss of memory occurred before or as a result of the accident. If it resulted from the accident, it could not have caused it."

As noted, EAB adopted the referee's opinion.

The referee's decision as adopted by EAB is flawed. We have repeatedly stated that an agency (and this one, in particular) must demonstrate in its order a rational relationship between the facts it finds and the legal conclusions

upon which it acts. *Bremer v. Employment Division,* 47 Or App 1131, 1136, 615 P2d 1170 (1980). Nothing in the referee's decision explains how, given the undisputed fact that petitioner did fail to stop for a red light, the referee concluded that petitioner's act was a wilful disregard of the employer's interest, as opposed to a good faith error. Although the offense was a significant violation of the traffic laws, the mere prospect of "grave ramifications" does not make petitioner's act *per se* wilful. There is no suggestion in the referee's decision that it was a matter of recurring negligence, which would also sustain a charge of misconduct.

Petitioner claims to have little or no memory of the incident, suggesting he suffered temporary amnesia. Examination by several doctors produced no medical evidence of such a condition. The parties make much of this amnesia question. Petitioner, in particular, urges that the referee's— and, therefore, EAB's—decision is flawed, because the referee failed to make specific credibility findings or explain why he disbelieved petitioner's story about amnesia. *See, e.g., Steinkellner v. Employment Division,* 67 Or App 50, 676 P2d 941 (1984); *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978). We find that discussion to be beside the point. There is no real dispute as to the facts surrounding the incident, so whether petitioner remembers it clearly or not is not an issue. It follows that credibility is not an issue. On remand, the referee need only, on the basis of his findings of fact, rationally explain—if it can be done—his conclusion that petitioner *wilfully* violated standards of behavior which an employer has the right to expect of an employe by this single act of negligence. OAR 471-30-038(3).

Reversed and remanded for reconsideration.[1]

---

[1] Petitioner's separate procedural objections to certain aspects of EAB's review of the order in question do not require discussion.