On petitioner's motion for recall and reconsideration of final attorney fees order filed February 26, former opinion filed February 6 (72 Or App 163, 694 P2d 1009); reconsideration allowed, judgment modified to award attorney fees of $1,845 to petitioner, payable by Employment Division December 18, 1985

# WHITE,
## *Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
## *Respondents.*

## (84-AB-35; CA A31044)

711 P2d 196

Mark B. Williams, Legal Aid Service, Portland, for motion.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Philip Schradle, Assistant Attorney General, and Christine I. Jensen, Certified Law Student, Salem, contra.

Before Warden, Presiding Judge, and Young and Warren, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

On review of a decision of the Employment Appeals Board which disqualified him from unemployment compensation benefits, petitioner prevailed on the merits in this court. *White v. Employment Division,* 72 Or App 163, 694 P2d 1009 (1985). We awarded costs to petitioner, payable by employer. No objection was filed to the statement of costs and disbursements. Petitioner also petitioned for attorney fees of $1,845, payable by the Employment Division. We allowed the petition, without specifying by whom the attorney fees were payable, but the judgment assessed both costs and attorney fees against employer. Petitioner then moved for reconsideration, requesting that attorney fees be assessed against the Division rather than against employer. ORAP 10.10(6). We allow the motion for reconsideration and modify the judgment to award petitioner attorney fees, payable by the Division.

In seeking attorney fees, petitioner relied alternatively on ORS 183.495 and 183.497. Petitioner's basic contention was that the Division erroneously interpreted an unambiguous statute, thus entitling petitioner to fees under ORS 183.495, *Van Gordon v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983), or that the Division acted without a reasonable basis in law or in fact, thus entitling petitioner to attorney fees under ORS 183.497. *Johnson v. Employment Division,* 64 Or App 276, 283, 668 P2d 416 (1983).

The Attorney General contended in response, on behalf of the Division, that the statute permitted the Division's interpretation and that the agency did not act unreasonably. We awarded $1,845 in attorney fees to petitioner, payable by employer. The petition for reconsideration of that order contends that there is no statutory authority for an award against an employer and that the Division is properly responsible for the fees.

We conclude that we lack statutory authority to award attorney fees against employer and that an award of attorney fees against the Division under the facts of this case is proper.

ORS 183.495[1] and 183.497[2] are the only statutes that could authorize an award of fees in this case.[3] Neither statute provides authority for an award against an employer. However, an award against the Division is permissible.[4] Because an award under ORS 183.495 is discretionary, we first consider ORS 183.497, which makes attorney fees mandatory in cases fitting within its terms. *Baptist v. Adult & Family Services Div.*, 64 Or App 265, 668 P2d 428 (1983).

---

[1] At the time of the appeal, ORS 183.495 provided:

"Upon judicial review of a final order of an agency when the reviewing court reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."

This statute was repealed in 1985.

[2] At the time of the appeal, ORS 183.497 provided:

"(1) Notwithstanding ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency, as defined in ORS 291.002, for:

"(a) Judicial review of a final order as provided in ORS 183.480 to 183.484;

"(b) Judicial review of a declaratory ruling provided in ORS 183.410; or

"(c) A judicial determination of the validity of a rule as provided in ORS 183.400.

"(3) Amounts allowed under this section for reasonable attorney fees and expenses shall be paid from funds available to the state agency whose final order, declaratory ruling or rule was reviewed by the court. The court may withhold all or part of the attorney fees from any award to a petitioner if the court finds that the state agency has proved that its action was substantially justified or that special circumstances exist which make the award of all or a portion of the attorney fees unjust."

The statute was amended in 1985.

[3] This court requested memoranda of law from the parties concerning the applicability of ORS 182.090 and *Donnell v. Eastern Ore. State College,* 64 Or App 271, 668 P2d 423 (1983). We agree with both petitioner and respondent that ORS 182.090 is not applicable to the case at bar. In *Donnell* we held that ORS 182.090 did not apply to judicial review under the Oregon Administrative Procedures Act. 64 Or App at 275. We decline to reconsider that case.

[4] The Division did not assert that it had no responsibility for attorney fees either because the EAB order it appealed from was not a final order of the Division or because the Division performed a disinterested adjudicatory function. In discussing ORS 183.495, the companion statute to ORS 183.497, the Supreme Court in *Brown v. Adult and Family Services,* 293 Or 6, 12-14, 643 P2d 1266 (1982), made clear that in a case as this, in which the Division is a party, attorney fees may be awarded against it. We believe that the same analysis applies to ORS 183.497 to make attorney fees available against the Division in appropriate cases.

■ To qualify for attorney fees, the petitioner must have initiated the proceeding and prevailed on the merits. That is, "some significant portion of the order petitioner challenges must be altered or invalidated in a manner which is (or appears ultimately likely to be) to the petitioner's benefit." *Johnson v. Employment Division, supra,* 64 Or App at 283. This requirement has been satisfied. Our reversal and remand on the merits in this case completely vindicates petitioner.

■ Next, the agency's action must lack a reasonable basis in law or in fact. In other words, a reasonable agency would not have so acted. *Johnson v. Employment Division, supra,* 64 Or App at 283. EAB ruled that petitioner was not entitled to wage credits or credit for weeks of work during a period in which the Department of Vocational Rehabilitation arranged for petitioner's work and SAIF paid his wages. *White v. Employment Division, supra,* 72 Or App at 165. EAB held that that work could not be considered subject employment. On the merits, we stated:

> "Unless otherwise excluded by the act, 'employment' is 'service for an employer * * * performed for remuneration or under any contract of hire, written or oral, express or implied.' ORS 657.030(1). * * *

> "The act lists certain working situations which are not considered 'employment,' but none of the exceptions applies to petitioner's service for the clinic. *See* ORS 657.030 to ORS 657.094. The definition of 'employment' in the statute is a complete expression of legislative policy. EAB could not limit that coverage. *Miller v. Employment Division,* 290 Or 285, 620 P2d 1377 (1980)." 72 Or App at 166.

Respondent was well aware that its position had no statutory basis. At the hearing, the referee asked the Employment Division's representative to cite the section of the law it relied on. The response was, "There isn't any. There are just no provisions in our law for reporting wages of this nature."

Respondent argues that a reasonable interpretation of ORS 657.067[5] expresses a legislative policy to exclude from

---

[5] At the time of the appeal, ORS 657.067(1) provided:

"As used in this chapter, 'employment' does not include service performed or participation by applicants, recipients, beneficiaries, trainees or volunteers:

"employment" work which is subsidized by government as part of a training program. We disagree. The statute expresses no such general policy. Rather, it excludes specifically enumerated types of employment. The work petitioner performed did not fall under any of the listed exceptions. We find that the Division acted without a reasonable basis in law.

■ Subsection 3 of ORS 183.497 is a "statutory escape clause." It gives the court discretion to withhold attorney fees if the agency proves that its action was substantially justified or that special circumstances exist which make the award of attorney fees unjust. *Cf. 1000 Friends v. LCDC,* 293 Or 440, 649 P2d 592 (1982) (because agency reasonably relied on dicta of Court of Appeals, court declined to award attorney fees). There are no special circumstances to justify withholding all or part of the attorney fees from petitioner in this case.

Petition for reconsideration allowed; judgment modified to award attorney fees of $1,845 to petitioner, payable by the Division.[6]

---

"(a) In a community work and training program, as defined in ORS 411.855.

"(b) In work training, work study and work experience programs authorized by the Economic Opportunity Act of 1964 (United States Public Law 88-452), as amended.

"(c) In the Work Incentive Program, Title IV of the Social Security Act (United States Public Law 90-248), as amended.

"(d) In programs of work experience and training of the Comprehensive Employment and Training Act of 1973 (United States Public Law 93-203), as amended."

Subsection (d) was repealed in 1985.

[6] As in *Douglas v. Adult & Family Services Division,* 64 Or App 439, 442 n 4, 668 P2d 1232 (1983), even if petitioner had not qualified for fees under ORS 183.497, he might well have been awarded them as a matter of discretion under ORS 183.495.