On petitioner's petition for attorney fees filed May 9, petition denied
December 10, 1986

# HOARD,
## *Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
## *Respondents.*

## (85-AB-627; CA A36086)

729 P2d 593

Michael H. Marcus, Portland, for the petition.

Dave Frohnmayer, Attorney General, James E. Mountain,

Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem, contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

**YOUNG, P. J.**

Petitioner seeks an award of attorney fees under *former* ORS 183.495 and *former* ORS 183.497 against the Employment Division (Division).[1] He prevailed twice on judicial review of orders issued by the Employment Appeals Board (EAB) that had denied unemployment benefits.

In the first review, *Hoard v. Employment Division,* 72 Or App 688, 696 P2d 1168 (1985), we reversed and remanded for reconsideration, because the findings did not support the conclusion. In *Hoard v. Employment Division,* 79 Or App 62, 717 P2d 664 (1986), we again held that the findings did not support the conclusion that petitioner's driving through a red light amounted to a willful disregard of the employer's interest. Although we expressed doubt that EAB's conclusion could be supported by the record or by any rule of law, we reversed and remanded for reconsideration. That second review triggered this petition for attorney fees.

Petitioner concedes that attorney fees can be awarded, if at all, against Division only. *See White v. Employment Div.,* 77 Or App 35, 38, 711 P2d 196 (1985) (no statutory authority to award fees against employer); *Gates v. Employment Div.,* 64 Or App 335, 668 P2d 432 (1983) (attorney fees not recoverable against EAB acting in quasi-judicial capacity). Because an attorney fee award under *former* ORS 183.495 is discretionary, we first consider *former* ORS 183.497, which mandates attorney fees in appropriate cases. *White v. Employment Div., supra,* 77 Or App at 38; *Baptist v. Adult and Family Services Div,* 64 Or App 265, 268, 668 P2d 428 (1983).

In *White,* we held that an award of fees under *former* ORS 183.497[2] is appropriate if (1) the petitioner initiated the

---

[1] The proceeding for which attorney fees are requested was commenced before the effective date of Or Laws 1985, ch 757, § 5, which amended *former* ORS 183.497 and of section 7 of that chapter, which repealed *former* ORS 183.495. Or Laws 1985, ch 757, § 8.

[2] *Former* ORS 183.497 provides, in part:

"(1) Notwithstanding [*former*] ORS 183.495, in a judicial proceeding designated under subsection (2) of this section the court shall allow a petitioner reasonable attorney fees and expenses if the court finds in favor of the petitioner and determines that the state agency acted without a reasonable basis in fact or in law.

"(2) The provisions of subsection (1) of this section apply to an administrative or judicial proceeding brought by a petitioner against a state agency * * *."

proceeding and prevailed on the merits and (2) the agency's action lacked a reasonable basis in law or in fact, unless (3) the agency proves that its action was substantially justified or that special circumstances exist which make the award of attorney fees unjust. 77 Or App at 39-40. *White* did not mention the additional requirement for an award of fees under ORS 183.497 that the judicial review proceeding must be "against a state agency" within the meaning of *former* ORS 183.497(2). *See Johnson v. Employment Division,* 64 Or App 276, 280, 668 P2d 416, *rev den* 296 Or 120 (1983).

We discussed the latter requirement in *Johnson:*

"We believe, and therefore hold, that the phrase 'against a state agency' means something more than that the agency was a nominal respondent in the proceeding. It includes circumstances in which the agency actively opposes, before the reviewing court, the petitioner's position. * * * It also includes those cases in which the agency that made the challenged order or rule is the *real protagonist,* even if, for some reason, it has chosen not to appear and take part in the judicial proceeding." 64 Or App at 280 (Emphasis supplied).

In two subsequent cases, we interpreted *Johnson* as holding that the judicial review proceeding is "against a state agency" only when the agency in question appears in opposition to petitioner in this court or issues the order on review. *Edwards v. Employment Division,* 64 Or App 845, 669 P2d 1187 (1983); *Gates v. Employment Division, supra.* That interpretation is incorrect.

■ In unemployment compensation benefits cases, the order on review in this court will always be an order of EAB and not of Division. *See* ORS 657.270(4); 657.282. Thus, *Gates* and *Edwards* enable Division to avoid attorney fees merely by waiving appearance in this court, even if it took a position that was both unreasonable and adverse to petitioner when its order was in issue at the referee and Board levels. Because that was neither our intent in *Johnson,* nor the legislature's intent in enacting *former* ORS 183.497, we overrule *Gates* and *Edwards.* What we meant in *Johnson* is that a judicial review proceeding is "against a state agency" if the agency was the "real protagonist," either below or on review. *White* was decided correctly because, even though Division waived appearance in this court, *see White v. Employment Division,*

72 Or App 163, 694 P2d 1009 (1985), Division's representative took a position before the referee that was both adverse to the petitioner and without a reasonable basis in law or in fact. We turn to the facts of this case.

■    The requirement that the petitioner initiate the proceeding and prevail on the merits is satisfied if, on the petitioner's petition for judicial review, a significant portion of the challenged order is altered or invalidated in a manner which appears ultimately likely to be of benefit to the petitioner. *White v. Employment Div., supra,* 77 Or App at 39; *Johnson v. Employment Div., supra,* 64 Or App at 283. That requirement is satisfied here, given that we have twice expressed doubt that EAB's conclusion could be supported by the record or the law. *Hoard v. Employment Division, supra,* 79 Or App at 65. There are no "special circumstances" which would justify withholding all or part of the attorney fees from petitioner in this case. We are troubled, however, by the requirements that the agency action be without a basis in law or in fact and that it be a proceeding "against" the Division, *i.e.,* that Division be the "real protagonist" here.

■    Division argues that it is not the real protagonist because, regardless of its involvement before our decision in the first review, *Hoard v. Employment Division, supra,* 72 Or App 688, it did not participate in making, and did not attempt to defend, EAB's decision leading to the second review. In other words, Division argues that we cannot assess fees against it for taking a position adverse to petitioner *before* the remand, assuming that it did so. Similarly, although we have no trouble concluding that EAB acted without a reasonable basis in law or in fact, we are persuaded that we cannot attribute EAB's action to Division when it was not involved in the second review. Imposing attorney fees against Division in these circumstances amounts to penalizing it for actions taken by EAB in its quasi-judicial capacity. For these reasons, we conclude that petitioner is not entitled to an award of attorney fees under *former* ORS 183.497.

For similar reasons, we decline to exercise our discretion to award fees under *former* ORS 183.495.[3] In *Van Gordon*

---

[3] *Former* ORS 183.495 provides:

"Upon judicial review of a final order of an agency when the reviewing court

*v. Ore. State Bd. of Dental Examiners,* 63 Or App 561, 666 P2d 276 (1983), we discussed our discretion in cases where, as here, we reverse and remand because the agency's conclusion does not follow from its findings of fact:

"On the other hand, when an order is not simply reversed, but is reversed *and remanded* because there was no substantial evidence to support some, but not all, of an agency's findings of fact, [or those findings * * * do not lead to the agency's legal conclusion], there is more room for exercise of discretion. Generally speaking, if the lack of [connection between facts found and legal conclusions drawn] * * * relates to a substantial portion of the agency's case * * * so that on remand the agency will be required to reassess its order in some fundamental way, we shall be inclined to grant a petition for an attorney fee, unless the subject agency persuades us to the contrary." 63 Or App at 567. (Emphasis in original.)

*See also Davidson v. Employment Division,* 63 Or App 600, 605, 666 P2d 261 (1983). The problem is that, although we required *EAB* in the second review to reassess its order in a fundamental way, we did not require *Division* to do so. Moreover, we are unwilling under the facts of this case to attribute that requirement to Division; it was not involved in the second review.

Petition for attorney fees denied.

---

reverses or remands the order it may, in its discretion, award costs, including reasonable attorney fees, to the petitioner to be paid from funds appropriated to the agency."